STATE ex rel. ALLEN, Plaintiff, *v.* NAPTON, Judge, Defendant.

[No. 1598.]

[Submitted October 2, 1900. Decided November 13, 1900.]

*Certiorari—Appeal from Justice's Court to District Court—Jurisdiction—Appeal Bond—Sureties—Justification.*

1. The fact that one is an agent or attorney of a party beneficially interested in an application for *certiorari* does not attract to him the beneficial interest of his principal, so as to enable him to make the application under Code of Civil Procedure, Section 1942, requiring the application to be made by the party beneficially interested.

2. Code of Civil Procedure, Section 1942, declares that an application for *Certiorari* must be made by the party beneficially interested. Section 774 declares that the court may allow a party to amend any pleading by adding or striking out the name of any party or correcting a mistake in the name of a party; and Section 778 requires the court to disregard any error in a pleading not affecting substantial rights of the parties. *Held*, that where it appeared from an application for *certiorari* that the application was not made by the one beneficially interested, but by another on his behalf, and the defendant had not been misled or jeopardized by reason of the error, an amendment substituting the real party in interest as plaintiff should be allowed.

3. Code of Civil Procedure, Section 1942, requires an application for *certiorari* to be made on affidavit by the party beneficially interested. Section 731 declares that all complaints required to be verified may be sworn to by the agent of the party beneficially interested having knowledge of the facts. *Held*, that Section 1942 should be

construed as meaning that the application should be made by the party beneficially interested, but that the affidavit in support thereof might be made by anyone conversant with the facts.

4. Respondent in *certiorari* could not be heard to say that the proceedings were defective because the verified application for the writ was not served on him, where he appeared generally, and moved to dismiss the writ, since he thereby cured any defect in the service.

5. An appeal will not lie from an order of a district court requiring that appellee on an appeal from justice's court give the bond required of a plaintiff not a resident of the state, or that the action would be dismissed at his cost, since Code of Civil Procedure, Sections 1722, 1723, as amended by Sess. Laws 1899, p. 146, enumerating the orders and judgments from which appeals may be taken to the Supreme Court, is exclusive, and does not designate any such order.

6. Where a district court erroneously made an order that an appellee in an appeal from a justice's court give bond as a nonresident, or that the action would be dismissed at his cost, a writ of *certiorari* to review such order would not be dismissed on the ground that plaintiff had a plain, speedy, and adequate remedy other than *certiorari*.

7. Where the respondent, on an appeal from a justice's court, duly excepted to the sufficiency of the sureties on appellant's appeal bond, and said sureties did not justify, nor was any notice given that they would justify, but only notice of the filing of a new undertaking with different sureties who likewise never justified nor gave notice that they would justify, and it appeared that respondent never waived a justification. *Held:* that by reason of noncompliance with the mandatory provisions of Sections 1760, 1763 of the Code of Civil Procedure, governing appeals to the district courts, the district court was without jurisdiction of the action,—even to enter an order therein providing for the dismissal thereof at the respondent's costs unless he complied with certain requirements specified in the order.

8. The "notice" mentioned in Section 1763 of the Code of Civil Procedure, is not notice of the filing of a new undertaking, but notice of the time and place when and where the sureties will be examined touching their qualification.

CERTIORARI by the state of Montana, on the relation of C. W. Allen, substituted for J. H. Duffy, to Welling Napton, judge of the district court of the Third judicial district of Montana for the county of Deer Lodge, to vacate an order requiring plaintiff in an action appealed from a justice's court, in which he was appellee, to give bond required by statute to be given by a nonresident plaintiff. Motion to quash the writ denied.

*Messrs. Duffy & Casey,* for Plaintiff.

*Mr. B. F. Maiden,* for Defendant.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

*Certiorari.* In the case of Allen against Gibbs, pending before a justice of the peace in the county of Deer Lodge, on the 24th day of March, 1900, judgment was rendered in favor

of the plaintiff for $25 and costs; on the 4th day of April Gibbs served and filed a notice of appeal to the district court, and on the 20th day of the same month he filed an undertaking on appeal. On April 23d Allen served and filed his exceptions to the sufficiency of the sureties. On April 27th Gibbs gave notice to Allen of the filing of a new undertaking executed by sureties other than those who had signed the first undertaking, and on April 28th the new undertaking was filed. None of the sureties justified; nor was notice that they would justify ever given; neither did Allen waive justification. On May 3d the justice of the peace transmitted to and caused to be filed by the clerk of the district court of the county of Deer Lodge the proper transcript on appeal; and on the same day Allen served and filed a notice of motion to dismiss the appeal upon the ground that the sureties on neither undertaking had justified as required by the statute. On May 9th the Court denied the motion to dismiss the appeal. Thereafter Gibbs obtained from the district court an order, dated the 7th day of August, 1900, which, after reciting that Allen, at the commencement of the action, was, and then remained, a nonresident of the state of Montana, and the motion of Gibbs for an undertaking to secure costs, required that Allen must, within 30 days from that date, file an undertaking in the sum of $300, conditioned according to the provisions of the statute, "failing which this action will stand dismissed at plaintiff's costs." Since this order was made, no further action, so far as the record discloses, has been taken in the court below. This proceeding was instituted for the purpose of annulling the order of August 7th. In the title of the proceeding J. H. Duffy is named as the relator and plaintiff, and in the body of the affidavit in support of the application for the writ Duffy is described as the "petitioner;" the further averments being that he is the agent and one of the attorneys for Allen, and as such is beneficially interested therein, and that Allen is a nonresident of and absent from the county of Deer Lodge and state of Montana, wherein Duffy resides.

On the hearing in this Court the defendant, the judge of the district court of Deer Lodge county, moved to quash the writ and to dismiss the proceeding upon the grounds hereinafter stated.   Counsel for the plaintiff then asked leave to amend the application and writ by substituting the name of Allen as the plaintiff in the place of that of Duffy.

1.   The first ground of the motion to quash the writ and to dismiss the proceeding is that the application was not made by the party beneficially interested.   There is no allegation of fact indicating that Duffy is the proper party plaintiff in this proceeding.   The fact that he is the agent and attorney of the party beneficially interested in no wise attracts to him the beneficial interest of his principal or client.   The amendment sought to be made is, however, one of form, for the body of the application for the writ states facts which show beyond question that the only person beneficially interested is Allen; and the averment therein that Duffy is beneficially interested must be disregarded in the consideration of this phase of the proceeding.   By Section 774 of the Code of Civil Procedure, the Court may, in furtherance of justice, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, in its discretion, allow an amendment to any pleading or proceeding in other particulars; and by Section 778 of the same Code, the Court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties.

We have, then, a special proceeding wherein the wrong party is named as the plaintiff, although it clearly appears from an inspection of the application for the writ that another person is the party beneficially interested, and that the proceeding is prosecuted in behalf of such person.   The use of Duffy's name instead of Allen's resulted from a mistaken view with respect to the person having the beneficial interest.   The defendant was not, and could not have been, misled or injured, or his rights jeopardized, by reason of this formal

error. The statement that Duffy is the party beneficially interested is a mere conclusion of law, which is not only unsupported by the averment of any fact, but is conceded to be untrue. The amendment prayed for is one authorized by the statutes, and will be allowed, and the name of Allen is directed to be substituted for that of Duffy. The title will be changed accordingly.

2. That the affidavit for the application was not made by Allen, the party beneficially interested, is another ground of the motion. Section 1942 of the Code of Civil Procedure requires the application for a writ of *certiorari* to be made on affidavit by the party beneficially interested, and it is insisted that such party must personally make the affidavit. But that section was not intended to deprive an applicant for the writ of *certiorari* of the right to support his application by the affidavit of any person conversant with the facts. No reason is perceived why the rule concerning affidavits in *certiorari* should be more strict regarding the proper affiant than is required by Section 731 of the plaintiff in an action. An affidavit by the duly authorized agent or attorney of the party beneficially interested, in which the material averments are stated as true to the knowledge of the affiant, is sufficient. Again: Section 1492 does not require the affidavit to be made by the person beneficially interested; the application must be made by him, and must be on affidavit. The meaning is made clear by inserting a comma before and a comma after "on affidavit," thus: "The application must be made, on affidavit, by the party beneficially interested." The application must be made by such person, and must be based upon statements under the oath of some one conversant with the facts. In the case at bar the matters contained in the application are stated and sworn to positively by Duffy; hence the question of whether an affidavit upon information and belief only would be sufficient is not raised.

3. It is argued that the writ should be quashed because the verified application was not served upon the defendant. What might have been the right of the defendant in this regard had

he appeared specially, we do not decide. In his motion to quash and dismiss he appeared generally, and thereby cured the supposed defect in the service.

4. Counsel for the defendant insists that if the district court committed error in making the order of August 7th, the error may be corrected by an appeal therefrom, and that, therefore, under the provisions of Section 1941 of the Code of Civil Procedure, *certiorari* will not lie. The order sought to be reviewed does not fall within the description of orders or judgments from which appeals may be taken to the Supreme Court (Sections 1722, 1723 of the Code of Civil Procedure, as amended by House Bill No. 124, Session Laws of 1899, p. 146); nor is there a plain, speedy, and adequate remedy, unless it be *certiorari*.

5. Another ground of the motion to quash the writ and to dismiss the proceeding is, that the application does not state facts sufficient to warrant the issuance of the writ. Sections 1760 and 1763 of the Code of Civil Procedure provide that an appeal may be taken to the District Court from a judgment rendered in a civil action in a justice's court, at any time within 30 days after the rendition of the judgment, by filing a notice thereof with the justice and serving a copy on the adverse party, and that an appeal from a justice's court is not effectual for any purpose unless (within 30 days) an undertaking be filed, with two or more sufficient sureties, conditioned as therein provided; "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." Within five days after the first undertaking was filed, the adverse party, Allen, duly excepted to the sufficiency of the sureties; neither the sureties excepted to nor the other sureties ever justified; nor was any notice given that they would justify; neither was there any waiver of a justification. The statute is mandatory: Unless the orig-

inal sureties or the other sureties justify within five days after the exception, upon notice to the adverse party, the appeal must be regarded as if no such undertaking had been given. The plaintiff seasonably moved the District Court to dismiss the appeal for want of jurisdiction, and, after the court had erroneously denied the motion, it was without authority to proceed with the action, or make any order therein. The District Court had no jurisdiction of the action so attempted to be appealed. (*Wood* v. *Superior Court,* 67 Cal. 115, 7 Pac. 200; *McCracken* v. *Superior Court,* 86 Cal. 74, 24 Pac. 845; *Moffat* v. *Greenwalt,* 90 Cal. 368, 27 Pac. 296). An appeal from the judgment of a justice's court is but the means whereby the action is transferred to and brought within the jurisdiction of the district court, where the cause is tried anew. Compliance with the laws in the taking of the appeal devests the lower court of further jurisdiction and invests the higher court with jurisdiction of the action. Where there is a fatal defect in the taking of an appeal from a justice's court, and the respondent does not waive his right, but moves a dismissal of the appeal for lack of jurisdiction thereof, the District Court is without power to hear or determine the action,—even to dismiss it or to order a dismissal unless the respondent shall perform that which is required by the Court. Since the plaintiff seeks to annul only the order of August 7th dismissing the action unless an undertaking for costs be filed, an enquiry touching the jurisdiction of the Court in denying the motion to dismiss the appeal is not pertinent. The argument is advanced, however, that since Gibbs notified Allen of the filing of the new undertaking the statute was complied with. But it is manifest that the statute requires the sureties, when their sufficiency is excepted to, to justify upon notice to the adverse party that they will justify. The notice mentioned in that part of Section 1763 which has been quoted is not notice of the filing of a new undertaking, but notice of the time and place when and where the sureties will be examined touching their qualification.

The other grounds of the motion need not be stated or

discussed.    The plaintiff is entitled to a judgment annulling the order of August 7, 1900, with costs.    Let such judgment be entered.

MR. JUSTICE WORD, being absent, takes no part in this decision.