[Civ. No. 1484.  Second Appellate District.—February 5, 1914.]

JOHN C. KEEFE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

APPEAL IN JUSTICE'S COURT—UNDERTAKING—FAILURE OF SURETIES TO JUSTIFY—NEW BOND.—An appeal in a justice's court action is not perfected and will be dismissed, where the sureties on the undertaking fail to justify within five days after service of notice of exception to their sufficiency; and the furnishing by the appellant on the last day for justification of a new bond with a single corporation surety, which does not justify, in lieu of the individual sureties on the excepted undertaking, will be unavailing to save the appeal.

ID.—CORPORATION AS SURETY—NECESSITY OF JUSTIFICATION.—Corporations authorized by the provisions of section 1056 of the Code of Civil Procedure to act as sureties on undertakings in judicial proceedings, are subject to the same requirement as to justification as are persons who execute similar undertakings.

ID.—UNDERTAKING ON APPEAL—ONE OF APPELLANTS AS SURETY.—Where the defendants in an action in a justice's court are husband and

wife, and on appeal both are named as appellants in the notice and undertaking, the wife cannot act as surety, although it is asserted that she is not interested in the judgment.

PETITION for Writ of Mandate to be directed against the Superior Court of the State of California, in and for the County of Los Angeles, and Charles Wellborn, one of the Judges thereof.

The facts are stated in the opinion of the court.

Thos. C. Ridgway, for Petitioner.

Wm. Lewis, for Respondents.

JAMES, J.—This proceeding is one brought for the purpose of securing a writ of mandate to compel the superior court of Los Angeles County to vacate an order by which an appeal taken by petitioner and one other from a judgment of a justice's court was dismissed. Alternative writ was issued and the matter is presented upon the facts stated in the petition and the return as made by respondents.

It appears that an action was brought in the justice's court by one Anna B. Lister against petitioner John C. Keefe and Anna Doe Keefe, his wife; that the return of the summons showed that the true name of Anna Doe Keefe was Maria H. Keefe; that judgment was rendered in the justice's court against both defendants; that thereafter and within the time allowed by law defendants served and filed their notice of appeal and filed an undertaking on appeal, one of the sureties thereon being Maria H. Keefe. Notice was given to the plaintiff in the justice's court action of the filing of the undertaking, and exception was taken in the usual way to the sufficiency of such sureties. Notice was then given to the plaintiff that the sureties would appear and justify on a certain day, that day being the fourth day after the service of the notice excepting to their sufficiency. At the time appointed one of the sureties appeared and justified, but Maria H. Keefe did not appear, and thereupon the justice continued the hearing on the matter of the justification to the next day; that at the time to which the matter was continued the defendants in that action offered a new bond with

a single corporation surety, which bond was allowed to be filed. This surety did not then justify or offer to justify. Thereafter the plaintiff gave notice that she excepted to the sufficiency of the new surety, and also moved to strike from the files the new undertaking. The justice's court denied the motion to strike the undertaking from the files and allowed the corporation surety to justify. This statement represents the condition of facts as they were presented to the superior court on the motion to dismiss the appeal, except it may be added that the respondent in the action, in the justice's court, objected to all of the proceedings had from the time of the hearing on the justification of the first surety. By her motion to dismiss the appeal, the respondent raised the main question as to whether, upon the failure of the sureties on the undertaking on appeal to justify within five days after exception taken to their sufficiency, any jurisdiction was given to the superior court to proceed and try the case anew. · Other points were made, two of which may be mentioned, i. e., that as the original undertaking was signed by only one person competent to act as a surety, the other person being one of the appellants, a failure was shown on the part of the defendants in the justice's court action to file such an undertaking as the code requires within the time limited by section 978a of the Code of Civil Procedure; second, that the undertaking as finally filed by the corporation surety nowhere showed the names of the defendants who were appealing, and therefore was insufficient to identify any persons for whom the surety proposed to become responsible. The section just cited provides as follows: "The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." From the terms of the statute it seems very clear indeed that, as no justification was had of sufficient sureties on the undertaking on appeal in the justice's court, within five days after the service of

the notice of exception, the appeal was not perfected as required by law, and that, to use the language of the code, it should then be treated "as if no such undertaking had been given." The proposed appellants in the action were not relieved from securing a justification of their surety in the justice's court within the time limited merely because they had procured a corporation as surety in lieu of individuals. It has been held that corporations authorized by the provisions of section 1056 of the Code of Civil Procedure to act as sureties on undertakings in judicial proceedings are subject to the same requirement as to justification as are persons who execute similar undertakings. (*Fox* v. *Hale and Norcross S. M. Co.*, 97 Cal. 353, [32 Pac. 446].) The superior court, for the reasons stated, acted properly when it entered an order dismissing the appeal.

There seems also to be merit in one of the other two contentions advanced by respondents here, to wit: That the defendants in the justice's court did not file an undertaking even in form sufficient within five days after filing their notice of appeal, for the reason that only one of the sureties was competent, as the other was a defendant in the action and therefore could not in any event be considered in the light of a surety for herself. The statement by petitioner that the wife was not interested in the judgment is of no moment when it is considered that both in the notice of appeal and the undertakings filed it was noted that each of the defendants appeared as appellant. As to whether the undertaking as finally filed, and which omitted the names of the persons for whom the surety proposed to become obligated, was insufficient for that reason, need not be decided. Without expressing a final conclusion as to that matter, it may be observed that the undertaking was identified with the proceeding in which the parties litigant were ascertained, and having been voluntarily offered to be filed in that matter, it might well be held that the surety could not thereafter raise the question as to the uncertainty claimed to exist.

The application of petitioner for peremptory writ is denied.

Conrey, P. J., and Shaw, J., concurred.