[S. F. No. 6986.   In Bank.—February 11, 1915.]

## RAUER'S LAW AND COLLECTION COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

JUSTICE'S COURT—APPEAL TO SUPERIOR COURT—UNDERTAKING—OMISSION OF SURETIES TO STATE THAT THEY ARE HOUSEHOLDERS OR FREEHOLDERS—JURISDICTION.—The jurisdiction of the superior court of an appeal from the justice's court, taken in compliance with the requirements of sections 978 and 978a of the Code of Civil Procedure, is not affected by the mere failure of the sureties on an otherwise sufficient undertaking on appeal to state in their affidavit to the undertaking that they were either householders or freeholders within the state, as required by section 1057 of that code. Such an undertaking is sufficient to give the superior court jurisdiction of the cause, and also to furnish the adverse party all the protection to which he is entitled under section 978 of the Code of Civil Procedure, and no second undertaking is required. If a new bond is filed supplying the omission from the affidavit, in accordance with the authorization of the superior court, it still remains that the original bond is still in force.

ID.—AFFIDAVIT OF SURETIES NOT PART OF CONTRACT.—The affidavit of the sureties, required by section 1057 of the Code of Civil Procedure to accompany an undertaking or bond authorized or required by the law of this state, constitutes no part of the contract of the sureties.

APPLICATION for a Writ of Certiorari directed to the Superior Court of the City and County or San Francisco, and to James M. Troutt, a judge thereof.

The facts are stated in the opinion of the court.

William Tomsky, for Petitioner.

H. D. Newhouse, for Respondents.

ANGELLOTTI, C. J.—This is a proceeding in *certiorari*, instituted originally in the district court of appeal for the first district. It was sought thereby to annul an order of the superior court denying a motion to dismiss an appeal attempted to be taken thereto from a judgment of the justice's court of the city and county of San Francisco. The ground of the motion to dismiss was that the undertaking on appeal filed in the justice's court did not comply with the requirements of the statute, and that the superior court consequently was without jurisdiction. The superior court in denying the motion to dismiss, allowed the appellant to file a new bond within three days, providing that otherwise the motion would be granted. The district court of appeal gave judgment vacating, annulling, and setting aside the order of the superior court. Within the time allowed an order was made by this court vacating said judgment of the district court of appeal, and transferring said proceeding to this court for hearing and determination.

In the justice's court judgment was given in favor of plaintiff in said action, who is also the plaintiff here, against the defendant, David Salfield. Within the time provided by law Salfield filed his notice of appeal to the superior court, and also a purported undertaking on appeal in the sum of one hundred dollars for the payment of the costs on appeal, and a stay of proceedings being prayed, also in a sum equal to twice the amount of the judgment, including costs. This undertaking was in all respects as required by the provisions of section 978 of the Code of Civil Procedure. The affidavit of sureties accompanying the bond, under section 1057 of the Code of Civil Procedure, was defective solely in omitting to show that the sureties were either householders or freeholders within the state. Said affidavit read as to each of said sureties, "That he is a resident of said state and city and county and is a . . . . . . . . holder therein."

Section 1057 of the Code of Civil Procedure, provides: "In any case where an undertaking or bond is authorized or required by any law of this state, the officer taking the same must . . . require the sureties to accompany it with an affidavit that they are each residents and householders, or freeholders, within the state, and are each worth the sum specified in the undertaking or bond," etc. This section is

based on section 650 of the old Practice Act, as amended in 1854.

The question presented, as we conceive it to be, is whether the undertaking so given, defective only in the respect aforesaid mentioned, was sufficient to confer jurisdiction of the appeal upon the superior court. Unless it was absolutely void, we are satisfied that it must be held that it was sufficient for that purpose. It has at least twice been held by this court substantially that the affidavit required by section 1057 of the Code of Civil Procedure, is no part of the contract of the sureties, and that the sureties may not successfully resist the enforcement of the undertaking against them on account of any defect in such affidavit or, indeed, on account of the entire absence of the affidavit. In *People* v. *Shirley*, 18 Cal. 121, sureties when sued upon their recognizance of bail for the appearance of a defendant, claimed that they were not liable for the several amounts for which they justified, because they did not equal double the sum for which the bail was fixed by the order of the court, section 1057 of the Code of Civil Procedure, providing that the affidavit should so show. The court said: "The justification forms no part of the defendants' contract, and in no manner affects their liability. The insufficiency of the amounts would have been good ground for the county judge to refuse his approval of the instrument, but it does not lie in the mouth of the sureties to object, when the approval is given." Again, in *Carpenter* v. *Furrey*, 128 Cal. 665, 669, [61 Pac. 369], it was said: "The requirement of section 1057 of the Code of Civil Procedure, that the sureties shall justify by affidavit accompanying the bond is intended solely for the protection of obligees; and it does not lie in the mouth of the sureties to object to the sufficiency of the bond because of their failure to comply with this provision of the law." We think it is clear that, as is held in these cases, the affidavit required by section 1057 of the Code of Civil Procedure, constitutes no part of the contract of the sureties, and that the undertaking filed in the justice's court furnished ample protection to the plaintiff as to the matters specified in section 978 of the Code of Civil Procedure. There is nothing in the language of section 1057 of the Code of Civil Procedure, which can be held to fairly imply that such an affidavit as is referred to therein must accompany an undertaking on ap-

peal in order to give the appellate court jurisdiction of the appeal. In so far as the matter of jurisdiction is concerned, the requirements, in order to make the appeal effectual, are contained in sections 978 and 978a of the Code of Civil Procedure. Section 1057, contained in another title, simply provides, generally, that the officer taking any undertaking or bond required by law "must . . . require the sureties to accompany it with an affidavit," etc. It is, of course, incumbent on any officer taking an undertaking or bond to see that the requirements of this section are complied with. Of course, as has been suggested, such an officer is not only justified in refusing to accept or approve any such bond unless the necessary affidavit is made, but it is his manifest duty to do so. As we have said, however, we do not think the imperfection in the affidavit, or, indeed, the entire absence thereof, can affect the question of the jurisdiction of an appellate court, where the undertaking is in all other respects sufficient.

The case of *Tibbet* v. *Tom Sue*, 122 Cal. 206, [54 Pac. 741], is relied on by plaintiff as sustaining his contention that the superior court is without jurisdiction of the appeal. In that case there was an appeal from an order refusing to discharge a writ of attachment, the motion therefor having been based on the ground that the writ of attachment was improperly and irregularly issued. The statute required that "before issuing the writ, the clerk must require a written undertaking on the part of the plaintiff in the sum of not less than $200 and not exceeding the amount claimed by the plaintiff with sufficient sureties, to the effect," etc. The undertaking received by the clerk was accompanied by an affidavit that was defective in the very respect existing here, viz.: it did not show the sureties to be either householders or freeholders. It was substantially held that the clerk, a ministerial officer, had no right to issue a writ of attachment except upon the presentation of an undertaking in all respects as required by section 539 of the Code of Civil Procedure, and section 1057 of the Code of Civil Procedure, and that a writ of attachment issued without such an undertaking accompanied by such an affidavit is "irregularly and improperly issued, and should be discharged upon application." The case is plainly distinguishable from the case at bar. There is nothing therein from which it can fairly be implied that an undertaking on appeal, without the accompanying affidavit,

would be insufficient to confer jurisdiction on an appellate court. In that case the clerk, a mere ministerial officer, in issuing the attachment without complying with the requirements of section 1057 of the Code of Civil Procedure, was doing so "irregularly and improperly," and the motion to dissolve the attachment on that ground was held to be sufficiently well based.

Whether or not the superior court is authorized to allow a new undertaking to be filed on an appeal from the justice's court where the undertaking originally given is defective in some respect not going to its validity, is a question that it is not necessary to discuss in this proceeding. Of course if the original undertaking is fatally defective, "a second could not be filed in the appellate court with jurisdictional effect." (*Bennett* v. *Superior Court,* 113 Cal. 440, [45 Pac. 808].) As we have said, we think that the undertaking filed was sufficient to give the court jurisdiction of the cause, and also to furnish the plaintiff all the protection to which it is entitled under section 978 of the Code of Civil Procedure, and that no second undertaking was required. If a new bond has been filed in accord with the authorization given therefor by the superior court, it still remains that the original bond is still in force and that it furnishes plaintiff adequate protection. Plaintiff can in no way be prejudiced by that portion of the order authorizing the filing of the second bond.

The order of the superior court is affirmed.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.