[Civ. No. 1768. First Appellate District.—November 23, 1915.]

MARTHA WASHINGTON COUNCIL No. 2, DAUGHTERS OF LIBERTY OF THE STATE OF CALIFORNIA, et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO and GEO. E. CROTHERS, One of the Judges Thereof, Respondents.

JUSTICE'S COURT—DISMISSAL OF ACTION—NONJUSTIFICATION OF SURETIES —FILING OF NEW UNDERTAKING.—Under the latter portion of section 978a of the Code of Civil Procedure, it is the duty of the appellant, after exception taken to the sufficiency of the sureties upon the undertaking on a justice's court appeal, to cause such sureties, or others in their place, to justify after notice and within the time specified in the statute, and where, instead of doing so, an appellant files a second undertaking within such time which has for its purpose the supplying of an inadvertent omission of the word "house" in the expression "is a householder," in the part of the undertaking referring to the qualification of the sureties, no jurisdiction is acquired of the appeal.

APPLICATION for a Writ of Mandate originally made in the District Court of Appeal for the First Appellate District,

directed to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Clarence A. Henning, for Petitioners.

T. C. Van Ness, Jr., for Respondents.

KERRIGAN, J.—In this proceeding the petitioners seek the issuance of a writ of mandate to compel the respondent to vacate a certain order made by it dismissing an appeal taken by the petitioners from a judgment rendered in an action tried in the justice's court. Such judgment was entered on the thirty-first day of December, 1914, in favor of one E. F. Trimble, the plaintiff therein, against the petitioners here, who were the defendants in that action. Thereafter and on the thirtieth day of January, 1915, the petitioners filed and served a notice of appeal from the judgment of the justice's court, and on the same day filed an undertaking on appeal, and served notice on the plaintiff therein of the filing thereof. Subsequently, to wit, on February 3, 1915, the plaintiff excepted to the sufficiency of the sureties named in the undertaking. Fearing that said undertaking was defective because of the omission of the word "house" in the expression "is a householder" in that part of the bond referring to the qualifications of the sureties, the petitioners made no attempt to have the sureties on that bond justify, but on February 4th filed a second undertaking on appeal in which the omission was rectified, and on the same day served the plaintiff with notice of the filing of the new undertaking. Upon motion of the plaintiff the superior court, after a hearing had thereon, dismissed the appeal upon the ground that the sureties upon the undertaking of January 30, 1915, or other sureties in their stead, had failed to justify after written exception to their sufficiency had been served as provided by law. It is to compel the vacating of such order of dismissal that the writ of mandate in this proceeding is sought.

We think the order of the superior court must be sustained. An appeal from the judgment of a justice's court may be taken at any time within thirty days after the rendition of the judgment, and the appeal is taken by filing a notice with the

justice and serving a copy thereof on the adverse party. (Code Civ. Proc., sec. 974.) "The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.''

According to the wording of the latter part of section 978a of the Code of Civil Procedure, we do not doubt that it was the duty of the appellants, after the exception to the sufficiency of the sureties was duly taken, to cause those sureties— or others in their place—to justify after notice and within the time specified in the statute; and that in failing to do so the appeal was unavailing. It may be that the course of action adopted by the appellants in filing the second bond would have been correct if the first bond, as they seem to suppose, was absolutely void because of the failure to declare in the affidavit accompanying it that the sureties were freeholders or householders. In that event the bond might perhaps have been regarded as almost a blank piece of paper; but the first undertaking in fact filed was not invalid by reason of the inadvertent omission of the word "house." (*Rauer's Law & Collection Co.* v. *Superior Court,* 169 Cal. 296, [146 Pac. 866].)

That part of section 978a of the Code of Civil Procedure relating to the justification of sureties is but a re-enactment of the same matter which theretofore was a part of section 978 (*Jeffries Co.* v. *Superior Court,* 13 Cal. App. 193, 196, [109 Pac. 147]), and hence the early cases construing that language, of course, are unaffected by the amendment. In the case of *Wood* v. *Superior Court,* 67 Cal. 115, [7 Pac. 200], the appellant in perfecting his appeal from a judgment in the justice's court, gave an undertaking, and upon exception having been taken to the sufficiency of the sureties the appellant, instead of having those sureties—or others in their stead —justify, filed a new bond with new sureties, and in so doing, says the court, "he gave no notice as required by the last clause of section 978 of the Code of Civil Procedure. Such

being the case, 'the appeal must be regarded as if no such undertaking had been given.' The statute is peremptory. Without the justification of the sureties named in the undertaking, or other sureties in their stead, upon notice to the adverse party, the appeal was not perfected, and the superior court had no jurisdiction of the case.''

That case was followed by the supreme court in *Herting* v. *Superior Court* (Cal.), 10 Pac. 514. There, after notice had been filed and served on appellant excepting to the sufficiency of the sureties in an undertaking on appeal from a judgment of the justice's court to the superior court, a new undertaking was filed, with new sureties, but no notice of the justification of the sureties in that undertaking was given to the adverse party, and it was held that the appellant had lost the benefit of his appeal.

In *State* v. *Napton*, 24 Mont. 450, 455, [62 Pac. 686], the court passed upon the point here involved, and construed the same language. There, too, exception to the sufficiency of the sureties upon an appeal bond had been taken. Within the five days allowed for the justification of the sureties the appellant filed and gave notice of the filing of a new undertaking, executed by sureties other than those who had signed the first undertaking. None of the sureties justified, nor was notice that they would justify ever given. The court held that the section was mandatory; that unless the original sureties or other sureties justified within five days after the exception taken, upon notice to the adverse party, the appeal must be regarded as if no such undertaking had been given, the appellate court in such a case had no jurisdiction of the action upon the appeal, citing *Wood* v. *Superior Court, supra; McCracken* v. *Superior Court,* 86 Cal. 74, [24 Pac. 845] ; *Moffat* v. *Greenwalt,* 90 Cal. 368, [27 Pac. 296].)

For the reasons stated we think the appeal was not effectual for any purpose, and that the superior court acquired no jurisdiction of the case.

Counsel for the petitioner in his brief has, for some reason not apparent to the court, seen fit to indulge in a flood of abuse directed against his opponent. Especially is this court surprised at the conduct of counsel in this respect inasmuch as respondent's counsel presented his argument with courtesy, dignity, and ability. Such a brief is of no assistance to this court, nor in our opinion should its files be marred by

a document of the character in question. It is therefore ordered that the said brief of petitioner be stricken from the files.

For the reasons heretofore stated the writ is denied.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1916.