[Civ. No. 5156. First Appellate District. Division One.—March 5, 1925.]

GOLDEN WEST CREDIT AND ADJUSTMENT CO. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] JUSTICE'S COURT—APPEAL — UNDERTAKING — NEW SURETIES — NOTICE.—Where the sufficiency of the sureties on an undertaking given on a justice's court appeal is excepted to, and neither the sureties on such undertaking nor other sureties justify, but the appealing party files a new undertaking with other sureties and in so doing he does not give notice thereof, as required by the last clause of section 978a of the Code of Civil Procedure, the appeal is rendered ineffectual, and should be dismissed.

---

(1) 35 C. J., p. 760, n. 92, 93, p. 771, n. 44.

APPLICATION for a Writ of Mandate to compel the dismissal of a Justice's Court appeal. Writ issued.

The facts are stated in the opinion of the court.

Jesse A. Mueller for Petitioner.

No appearance for Respondent.

TYLER, P. J.—Application for a writ of mandate to compel the respondent, Superior Court, to dismiss an appeal.

The petitioner, a corporation, on the fifth day of November, 1924, commenced an action in the justice's court against

---

1. See 15 Cal. Jur. 535.

one Antonio Pina, and recovered a judgment in the sum of sixty dollars and costs. Thereafter on the eleventh day of December, 1924, defendant filed a notice of appeal on both questions of law and fact, together with an undertaking in the sum of one hundred dollars, and a further undertaking to stay the execution of the judgment. On the thirteenth day of December petitioner filed and served upon defendant a notice of exception to said undertaking on appeal, wherein defendant was notified that the sufficiency of the sureties was excepted to by petitioner, and that he further excepted to the form and sufficiency of the undertaking. The sureties on said undertaking, or other sureties, failed to justify within the five days after the service of the notice as provided for by statute, but on the sixteenth day of December defendant presented a new undertaking on appeal, without giving any notice to petitioner. This undertaking was approved by the justice, but also without notice to the petitioner. Thereafter, on the nineteenth day of December, all papers in the action were certified to by the clerk of the justice's court and filed in the Superior Court. Petitioner thereupon served upon defendant a notice to dismiss said appeal. The motion was premised upon failure of the sureties to justify under the original undertaking. The motion was denied, and this proceeding was thereafter instituted.

[1] The case comes squarely within the ruling in *Wood* v. *Superior Court,* 67 Cal. 115 [7 Pac. 200]. In that case appellant in perfecting his appeal gave an undertaking. The adverse party excepted to the sufficiency of the sureties. Neither the sureties in the undertaking nor other sureties justified; but, instead thereof, the appellant, as here, filed a new undertaking with other sureties. In so doing he gave no notice as required in the last clause of section 978a of the Code of Civil Procedure. It was there held that such being the case the appeal must be regarded as though no undertaking had been given; that the statute is peremptory. Without the jurisdiction of the sureties named in the undertaking, or other sureties in their stead, *upon notice to the adverse party,* the appeal was not perfected, and the Superior Court had no jurisdiction of the case. That part of section 978a relating to the justification of the sureties is but a re-enactment of the same matter which theretofore was

part of section 978a, and hence the early cases construing that section are unaffected by the amendment (*Washington Council, etc.,* v. *Superior Court,* 29 Cal. App. 45 [154 Pac. 298]).

Respondent seeks to avoid the effect of these decisions because of the fact that the notice of justification also excepted to the form and sufficiency of the undertaking. The bond is not before us. The question of its sufficiency was a matter that the court could have inquired into at the time of the justification of the sureties. Defendant's failure to justify in accordance with the notice rendered his appeal ineffectual (*Cracken* v. *Superior Court,* 86 Cal. 74 [24 Pac. 845]). The motion to dismiss the appeal should, therefore, have been granted. This being so, it is hereby ordered that a writ of mandate issue, as prayed, directing the respondent to enter an order dismissing the appeal in the action above referred to.

Knight. J., concurred.