[Civ. No. 6345. First Appellate District, Division Two.—March 1, 1928.]

BEN D. MULLIGAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Henry Jacobsen, Jr., for Petitioner.

Sawyer & Sawyer for Respondents.

KOFORD, P. J.—This is an original application for a writ of *mandamus* to compel the Superior Court to dismiss an appeal from the justice's court. It is based upon the

failure of the appealing defendants to justify their sureties upon their appeal bond in the manner prescribed by law.

Petitioner, as plaintiff in the justice's court, obtained a judgment against Alfred Voyce, Jr., and Louise Hoggans for $134.78, together with interest and costs. Said defendants appealed to the Superior Court by serving and filing a notice of appeal and a notice of filing of undertaking on appeal October 11, 1927. The appeal bond was filed on the same day and was conditioned both for the appeal and a stay. It was signed by Charles Merkle and Annie Merkle as sureties. The sureties by notice duly served October 13, 1927, were by plaintiff duly required to justify. Defendants gave plaintiff notice on October 14, that they would justify their sureties October 17. On that day the sureties appeared and were examined in a department of the justice's court before a judge sitting there temporarily in the absence of the judge regularly assigned to that department. The hearing was not completed and no order was made except to continue the hearing one day to be heard by the regular judge of that department. On the following day, October 18, the sureties failed to appear at the morning session and on request of defendants the hearing was continued until the afternoon session. At that time the sureties again failed to appear and did not justify, but defendants filed a new bond executed by a surety company. The said new bond was objected to by plaintiffs on the ground that no notice of the filing thereof had been given him. Under the provisions of Code of Civil Procedure, section 978a, formerly contained in Code of Civil Procedure, section 978, it has been frequently held that the filing of a new undertaking is not a sufficient justification without notice thereof to the adverse party. (*Wood* v. *Superior Court,* 67 Cal. 115 [7 Pac. 50] ; *Golden West Credit etc. Co.* v. *Superior Court,* 71 Cal. App. 532 [235 Pac. 738] ; *Keefe* v. *Superior Court,* 23 Cal. App. 750 [139 Pac. 899] ; *Martha Washington Council No. 2* v. *Superior Court,* 29 Cal. App. 45 [154 Pac. 298] ; *Herting* v. *Superior Court* (Cal.), 10 Pac. 514.) Although it is disputed in the pleadings whether or not the court called for justification upon the new surety company bond, and also whether the defendants were then and there ready and able to justify the bond, it is not disputed that they did not justify nor that the judge did not

approve the bond, but refused to approve it. ▮ Consequently we have a situation where, although exception to the sufficiency of the sureties was taken, neither they nor others in their place have actually justified and the appeal stands unsupported by a valid and approved appeal bond.

It is, therefore, ordered that the writ issue as prayed.

Nourse, J., and Sturtevant, J., concurred.