HIGHTOWER et al. v. GLENN et al.

No. 32215. Feb. 25, 1947.

Rehearing Denied April 15, 1947.

*179 P. 2d 127.*

George S. Evans and McPherren & Holbird, per Chas. E. McPherren, all of Oklahoma City, for plaintiffs in error.

John E. Luttrell and J. D. Holland, both of Norman, for defendant in error.

WELCH, J. This appeal is from the order of the trial court dismissing the action.

The action was commenced March 4, 1931, by Gertrude Hightower against J. M. Glenn to cancel a tax deed and recover the real estate involved. After several motions were disposed of, the defendant, on April 15, 1933, filed an answer in the form of a general denial.

On January 9, 1936, there was filed a motion to substitute party plaintiff. This motion suggested that Gertrude Hightower died on June 29, 1935, and that she left movant, J. T. Hightower, her husband, and several children as her heirs, and that J. T. Hightower was then the acting administrator of deceased's estate, and requested that such administrator be substituted as plaintiff. On April 6, 1936, the trial court entered an order that J. T. Hightower, administrator, be substituted as party plaintiff.

On January 11, 1942, one Belle Glenn, not theretofore known in the ac-

tion, filed the following: "Comes now Belle Glenn, and moves the court to dismiss the above entitled cause."

Hearing on said motion was continued from time to time and plaintiff was given permission to plead further.

On February 10, 1943, plaintiff filed a pleading naming Belle Glenn as defendant, and designated "Supplemental or Amended Petition." Therein the death of Gertrude Hightower is suggested and that she owned the land involved at the time of her death, and that she left as her heirs at law the persons appearing in this appeal as plaintiffs in error. It alleged that J. M. Glenn had obtained a tax deed to the land and that same was void for the reasons stated; that on November 14, 1936, the said J. M. Glenn conveyed any title he had in the land to his wife, Belle Glenn. The prayer of the petition asked the following:

"(1) That the named plaintiffs herein, as the heirs of the said original plaintiff, Gertrude Hightower, now deceased, intestate, in this action, be substituted for and in lieu of the deceased plaintiff.

"(2) That plaintiffs be permitted to prosecute this action upon this supplemental or amended petition against Belle Glenn Howard, the vendee of the defendant, J. M. or John M. Glenn, during the pendency of this action."

And that the tax deed be canceled and the title of plaintiffs quieted, and other relief.

Following the filing of this pleading the motion to dismiss was refiled.

Thereafter there appears in the record the following recitation:

"And after the said motion of Belle Glenn to dismiss the action was refiled and was presented to the court, argued and briefed by the parties and the court took the consideration and determination of the said order under advisement, and thereafter on January 19, 1945, the court sustained the said motion to dismiss, which action the plaintiff accepted, and on January 19, 1945, plaintiff filed motion for a new trial which was admittedly considered by the court and overruled and to which action the plaintiff accepted. The said motion for a new trial being as follows: . . ."

The journal entry of judgment from which this appeal is taken merely recites that the motion to dismiss is sustained and orders the action dismissed.

Here the plaintiffs seem to assume that the trial court sustained the motion to dismiss upon the theory that the original defendant, J. M. Glenn, had died and that it was necessary to revive the action in the name of his transferee within one year from the date of his death, or within one year from the time when it could have been first revived. They urge that no revivor was necessary.

The defendants in error, after presenting argument to the contrary, urge that the dismissal was proper because the action was not revived in the names of the proper parties plaintiff within one year after same could have been done.

We are unable to discover from the record before us upon what exact theory the action of the trial court was taken. If proper under any theory, the action will be sustained. Hines, Director General of Railroads, v. Bacon, 86 Okla. 165, 207 P. 93. Error is never presumed upon appeal to this court, but must always be shown by the record. American National Insurance Co. v. Robinson, 85 Okla. 64, 204 P. 269.

There is no question but that plaintiff Gertrude Hightower died in June, 1935. It was necessary, in the absence of consent, which is not shown, that the action be revived in the names of her heirs within one year of her death unless some excuse for delay could be shown. No excuse is shown. Zahn v. Obert, 60 Okla. 118, 154 P. 298, and Chouteau v. Hoss, 118 Okla. 76, 246 P. 844.

The first effort made to revive the action in the names of the proper parties plaintiff was on February 10, 1943, nearly eight years after Gertrude Hightower, the original plaintiff, died, and

we may assume under this record that the trial court concluded that a revivor at that late date was not justified. There is nothing in this record to indicate that the trial court was not fully justified in dismissing the action.

Plaintiffs in error insist that their mistake in substituting the wrong plaintiff in 1936, and their delay in substituting the heirs at law in 1943, was waived by the then defendants and by Belle Glenn. Citing Willis v. Aetna Life Ins. Co., 185 Okla. 647, 95 P. 2d 608, and other cases. They say that the original order was made without objections and in the presence of defendants' counsel.

This record discloses nothing to justify the application of the doctrine of waiver and estoppel. The only showing in this record is a motion to make the administrator party plaintiff. No notice thereof was given and no consent is shown or suggested. The order of the court substituting the administrator as plaintiff does not recite any notice or consent given or that counsel or defendants appeared at the hearing. There is no record of any evidence taken on the present hearing and so far as this record reveals, J. M. Glenn may never have known of plaintiff's death, nor do we know when such knowledge may have been first acquired by Belle Glenn or by any of counsel for defendant J. M. Glenn or Belle Glenn. The motion to dismiss upon which the trial court proceeded herein does not disclose any acquiescence in any prior action taken in the case.

In view of our conclusion as above shown, it is unnecessary to consider any other contentions presented by the briefs.

Affirmed.