OSCN Found Document:HOLLAND v. ROBERTS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 HOLLAND v. ROBERTS
2024 OK CIV APP 6
Case Number: 121445
Decided: 01/09/2024
Mandate Issued: 02/01/2024
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I

Cite as: 2024 OK CIV APP 6, __ P.3d __

 
FOUNT HOLLAND, an individual, and CAMPAIGN ADVOCACY MANAGEMENT PROFESSIONALS LLC, an Oklahoma Limited Liability Company, Plaintiffs/Appellees,
v.
SEAN ROBERTS, an individual, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
OSAGE COUNTY, OKLAHOMA
HONORABLE BURL ESTES, TRIAL JUDGE
AFFIRMED
C. Scott Loftis, LOFTIS LAW FIRM, Ponca City, Oklahoma, for Defendant/Appellant,
Taylor A. Burke, Austin W. Canfield, BARBER & BARTZ, Tulsa, Oklahoma, for Plaintiffs/Appellees.
B.J. Goree, Presiding Judge:
¶1 Sean Roberts alleges Mr. Fount Holland used his consulting business, Campaign Advocacy Management Professionals, LLC, in a scheme to destroy his political career. We affirm the district court's order dismissing Roberts' counterclaim for damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968.
¶2 Holland filed a petition against Roberts on August 24, 2022, alleging libel and slander, false light invasion of privacy and negligence. Roberts issued a press release that suggested Holland, together with Roberts' political adversaries, sought to discredit him with allegations relating to his relationship with his former wife.[1] Roberts filed an answer with a counterclaim alleging racketeering activities including extortion under 18 U.S.C. §1951, mail fraud under 18 U.S.C. §1341, and wire fraud under 18 U.S.C. §1343. Holland moved to dismiss, and at the conclusion of a hearing the court gave Roberts an opportunity to amend his counterclaim to plead the requirements of RICO with particularity.[2] In his amended counterclaim, Roberts alleges Holland engaged in a pattern of racketeering activity that caused him to lose his election for Oklahoma Labor Commissioner, thereby injuring his business and property and entitling him to treble damages under 18 U.S.C. §1964(c). Holland again moved to dismiss the RICO claim pursuant to 12 O.S. §2012(B)(6) and the court granted the relief. Roberts appealed.[3]
¶3 A motion to dismiss tests the law of the claims, not the facts supporting them. Gens v. Casady School, 2008 OK 5, ¶8, 177 P.3d 565, 569. Motions to dismiss are disfavored and the court considers all allegations as true. Id. A dismissal for failure to state a claim upon which relief may be granted is appropriate only if it is clear beyond a doubt that no factual situation exists entitling the claimant to relief. Brown v. Founders Bank & Tr. Co., 1994 OK 130, ¶17, 890 P.2d 855, 864--65(applying the Oklahoma Pleading Code to a claim for relief under the federal Bank Tying Act, 12 U.S.C. §1972). On the other hand, dismissal is appropriate when there are insufficient facts under a cognizable theory. Gens, ¶8. Appellate courts review motions to dismiss de novo. Id.
¶4 The Racketeer Influenced and Corrupt Organizations Act (RICO) makes it a crime to conduct an enterprise's affairs through a pattern of racketeering activity.
[4] Klehr v. A.O. Smith Corp., 521 U.S. 179, 183, 117 S.Ct. 1984, 1987, 138 L.Ed.2d 373 (1997). One section of the Act, 18 U.S.C. § 1964(c), allows private parties to bring civil suits for treble damages, Deck v. Engineered Laminates, 349 F.3d 1253, 1256-57 (10th Cir. 2003). [5] A plaintiff must assert the defendant violated 18 U.S.C. §1962, by setting out four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. BancOklahoma Mortgage Corp. v. Capital Title Co. Inc., 194 F.3d 1089, 1100 (10th Cir. 1999). "Racketeering activity" is defined in terms of activity that violates other laws, including more than 50 specifically mentioned federal statutes. Klehr, 521 U.S. at 183. A "pattern" requires at least two acts of racketeering activity, commonly referred to as predicate acts, not more than 10 years apart. Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1543 (10th Cir.1993); Tal v. Hogan, 453 F.3d 1244, 1261 (10th Cir. 2006).
¶5 Roberts' sole contention on appeal is that the trial court erroneously determined his RICO counterclaim is barred by the statute of limitations.
[6] RICO claims are subject to a four-year statute of limitations, Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987), but federal courts have varied in their approaches in determining the point in time when the claim accrues. Roberts asserts his claim accrued on August 23, 2022, the date he lost the Republican nomination for Oklahoma Labor Commissioner. Holland argues Roberts' RICO claims accrued on the dates of his predicate acts. That would mean Roberts' 2010 extortion claim and his June 2018 mail fraud claim are barred because more than four years passed before he filed his counterclaim in September 2022.
¶6 The only recognized accrual dates among the federal circuits are the date of the injury and the date of discovery of the injury. Rotella v. Wood, 528 U.S. 549, 554, 120 S.Ct. 1075, 1080, 145 L.Ed.2d 1047 (2000); Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer, 764 F.3d 1268, 1276 (10th Cir. 2014). The Tenth Circuit has not yet adopted either the injury-occurrence rule or the injury-discovery rule. Id.
[7] We reject Holland's contention that Roberts' RICO claim accrued on the dates of his alleged predicate acts.
¶7 This conclusion is due to the fact Roberts is not claiming separate independent injuries occurring simultaneously with each predicate act. Rather, Roberts' pleading clearly alleges a pattern of three predicate acts occurring in 2010, 2018, and 2022, that culminated in his single injury. The counterclaim states: "As a direct and proximate result of the predicate acts committed by Plaintiff through the RICO Enterprises as outlined herein, the Defendant lost the Republican Primary Runoff election for the Oklahoma Labor Commissioner on August 23, 2022." Because Roberts filed his counterclaim less than four years after his alleged injury of August 23, 2022, his RICO claim is not barred by the statute of limitations.
¶8 In addition to the statute of limitations defense, Holland argues Roberts' amended counterclaim did not cure the defects in his original pleading. The counterclaim describes Holland's predicate actions as extortion, mail fraud, and wire fraud. Those three violations of law, if properly pled, can serve as predicate acts to support a claim for RICO. George v. Urban Settlement Services, 833 F.3d 1242, 1254 (10th Cir. 2016). The court accepts Roberts' allegations as true for the purpose of determining whether he has alleged facts sufficient to support his RICO claim. Gens, at ¶8.
¶9 The first alleged predicate act is extortion. The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. §1951(b)(2).
[8] An attempt to obtain property by threat can be extortion even if unsuccessful. In Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 409, 123 S.Ct. 1057, 1068, 154 L.Ed.2d 991 (2003), the Supreme Court explained that obtaining or attempting to obtain property is required to constitute extortion under the Hobbs Act. In McLaughlin v. Anderson, 962 F.2d 187, 194 (2d Cir. 1992), the court noted that The Hobbs Act forbids attempted extortion. Section 1951(a) precludes interference with commerce by extortion including "whoever . . . attempts or conspires so to do."
¶10 Roberts alleges he met with Fount Holland in 2010 to discuss campaign consulting. Holland threatened that, unless hired, he would ensure that Roberts would have a primary opponent that would trash Roberts' reputation, and his political career would be ended. Roberts drew four primary opponents and Holland's representative allegedly contacted Roberts' former wife to try to obtain information about their marriage.
¶11 Roberts plainly alleges Holland threatened to ruin his reputation and end his political career if Roberts did not hire him. Based on the standard set forth in Gens, the allegation could support a claim that Holland attempted to obtain an agreement for the payment of professional services induced by threat of fear. Accordingly, the amended counterclaim sufficiently states a claim for extortion under §1951, which could be a predicate act if all other requisites for RICO are met.
¶12 The second and third alleged predicate acts are mail fraud and wire fraud. To support the mail and wire fraud allegations, a plaintiff must allege "(1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme." Tal v. Hogan, 453 F.3d at 1263, quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 892 (10th Cir. 1991).
[9] "The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud." Tal v. Hogan, 453 F.3d at 1263, quoting BancOklahoma Mortgage Corp., 194 F.3d at 1102.[10]
¶13 To support his mail fraud allegation, Roberts alleges Holland, (together with his enterprise and co-conspirators) sent out fraudulent mailers to prospective Oklahoma voters claiming that Roberts voted against teacher pay raises and supported expansion of Obama Care. For his wire fraud claim, Roberts alleges Holland, acting through his enterprise and co-conspirators, used television advertising to fraudulently claim Roberts had physically abused his ex-wife. As to both claims, Roberts stated Holland perpetrated his fraud to injure Roberts' reputation and also to increase Holland's profits from future business clientele.
¶14 Roberts must prove property fraud to state a claim for mail fraud and wire fraud. Kelly v. United States, 590 U.S. ___, 140 S.Ct. 1565, 1571, 206 L.Ed.2d 882 (2020). Even though the statutes include disjunctive language, ("any scheme or artifice to defraud, or for obtaining money or property . . .") the Supreme Court has construed it as a unitary whole so that the statutes prohibit schemes to deprive the victim of money or property. Id. Accordingly, Roberts was required to show not only that Holland engaged in deception, but also that that an object of his fraud was property. Kelly v. United States, 140 S.Ct. at 1571, citing Cleveland v. United States, 531 U.S. 12, 26, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000). Kelly rejected the argument that the wire fraud statute is broad enough to remediate a victim's interest where the economic loss is only an incidental byproduct of the scheme. Kelly, 140 S.Ct. at 1573. The property at stake "must play more than some bit part in a scheme: It must be an 'object of the fraud.'" Id., citing Pasquantino v. United States, 544 U.S. 349, 355, 125 S.Ct. 1766, 161 L.Ed.2d 619 (2005).
¶15 The object of the alleged fraudulent mailers and television ads was to persuade citizens to vote against Roberts in the election, not to deprive him of his money or property. We hold the amended counterclaim does not sufficiently plead mail fraud or wire fraud. Accordingly, Holland's alleged involvement with the described negative political campaign advertising does not constitute predicate acts for purposes of federal RICO. And considering that the claim for extortion stands alone as a predicate act, Roberts has failed to plead a "pattern of racketeering" under 18 U.S.C. §1962.
¶16 In summary, we hold the amended counterclaim was filed within four years of the alleged injury and therefore is not barred by the statute of limitations. However, because the pleading is insufficient concerning the alleged predicate acts of mail fraud and wire fraud, there is no pattern of racketeering activity, and the counterclaim does not state a claim for damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968. The motion to dismiss was properly granted.
SWINTON, J., concurs in result and MITCHELL, C.J.(sitting by designation), concurs.
FOOTNOTES
[1] The petition alleges Roberts issued a press release entitled "Campaign Comments on Dirty Attacks by Liberal Leslie and Corrupt Campaign Consultant Fount Holland." Leslie Osborn was Roberts' opponent in the Oklahoma Labor Commissioner runoff race. The press release also named Carol Bush, an Oklahoma Legislator. In a separate publication, Roberts suggested Holland was improperly involved with "dark money" political action committees. Both Leslie Osborn and Carol Bush were clients of Holland.
[2] Limited civil remedies are also provided for in the Oklahoma Racketeer-Influenced and Corrupt Organizations Act, Title 22 O.S. §1409, but liability under the state act is not alleged in this case.
[3] The trial court expressly stated the dismissal of the counterclaim is a final order pursuant to 12 O.S. §994 and the Oklahoma Supreme Court permitted the appeal to proceed.
[4] State courts have inherent authority to adjudicate claims arising under the laws of the United States unless Congress affirmatively assigns exclusive jurisdiction to the federal courts. Reeds v. Walker, 2006 OK 43, ¶11, 157 P.3d 100, 107. The states have concurrent jurisdiction to consider civil claims arising under 18 U.S.C. §1964(c). Tafflin v. Levitt, 493 U.S. 455, 467, 110 S.Ct. 792, 799, 107 L.Ed.2d 887 (1990).
[5] "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . ." 18 U.S.C. § 1964(c).
[6] Holland presented multiple grounds for dismissal and the record does not reflect the judge's rationale for his ruling. A judgment that is legally proper will be affirmed even if the district court pronounced it upon a different theory. Farley v. City of Claremore, 2020 OK 30, ¶19, 465 P.3d 1213, 1225; Hightower v. Glenn, 1947 OK 57, ¶13, 179 P.2d 127, 129.
[7] We need not distinguish between the date of the injury or the date of discovery of the injury because they occurred simultaneously when Roberts was defeated in the election. See, Dummar v. Lummis, 543 F.3d 614, 621 (10th Cir. 2008).
[8] Title 18 U.S.C. §1951(a)(2) provides: (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
- - -
(b) As used in this section
- - -
(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
[9] Title 18 U.S.C. §1341 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."
[10] Title 18 U.S.C. §1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years . . ."

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1947 OK 57, 179 P.2d 127, 198 Okla. 428, 
HIGHTOWER v. GLENN
Discussed

 
1994 OK 130, 890 P.2d 855, 65 OBJ 3961, 
Brown v. Founders Bank and Trust Co.
Discussed

 
2006 OK 43, 157 P.3d 100, 
REEDS v. WALKER
Discussed

 
2008 OK 5, 177 P.3d 565, 
GENS v. CASADY SCHOOL
Discussed

 
2020 OK 30, 465 P.3d 1213, 
FARLEY v. CITY OF CLAREMORE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 994, 
Procedure When There is More Than One Claim or Party - Final Judgment
Cited

 
12 O.S. 2012, 
Defenses and Objections - When and How Presented - By Pleading or Motion
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1409, 
Civil Proceedings Instituted by Attorney General
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA