## SHERMAN *v.* ROLBERG.

Where a party appealed from a Justice's Court to a County Court, and the justice neglected to send up with the record the notice of appeal: *Held,* that it was error to refuse to allow appellant the opportunity of moving to compel the justice to send it up, by peremptorily dismissing the appeal.

APPEAL from the County Court of Colusa County.

The facts of this case appear in the opinion of the Court.

*Crocker, McKune & Robinson,* for Appellant.

Where both parties appear on appeal in the County Court, no notice of appeal is necessary. McLeran *v.* Shartzer, 5 Cal. R., 70.

*L. Sanders* for Respondent.

There is nothing to show that the County Court had jurisdiction of the appeal; for the reason that the statement of the case does not show that notice of appeal was served upon respondent appealing from the judgment alleged to have been rendered on the fourth day of July, 1857. The notice served did not state the amount of the judgment appealed from.

This case differs from the case in the fifth volume of California Reports, relied on by appellants. In that case, the parties appeared to the action and argued a motion for a continuance. In this case, the respondent appeared specially as to the question of notice, and hence the County Court properly dismissed the appeal

The notice of a judgment rendered on the fourth day of July is no notice, because no Court can judicially sit on that day.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Action before justice of the peace. Judgment for plaintiff. Appeal to the County Court, where the appeal was dismissed, and the judgment of the justice affirmed. Appeal by defendant to this Court.

The judgment was rendered in the Justice's Court, on the second day of July, 1857. Notice of the appeal was handed to the Justice on the sixth of July, and on the same day notice of appeal was served on the attorney of plaintiff. *This* notice described the parties to the suit and the justice before whom it was obtained, but stated that the appeal was taken from a judgment rendered on the fourth day of July. The notice given to the justice described the judgment correctly. The justice sent up a copy of his docket and the papers, except the notice. The appeal was taken on questions both of law and fact.

When the case was called in the County Court, both parties appeared, and each asked liberty to make a motion. The plaintiff's counsel was allowed to make his motion first, and moved to dismiss the appeal and affirm the judgment of the justice, for two reasons: first, there was no notice of appeal on file; second, there was no notice of appeal served on defendant.

The mistake in the date of the judgment, as stated in the notice of appeal which was served on respondent, was not material. The notice was sufficient. It was the duty of the justice to send up the notice of appeal received by him. Code, § 627. The County Court should have given the appellant the opportunity to move for an order compelling the justice to send it up. § 627.

The order of the County Court dismissing the appeal and affirming the judgment of the justice is reversed, and that Court will proceed to try the case anew.