DORE *et al. v.* COVEY *et al.*

In an undertaking on appeal, the names of the sureties need not appear in the body of the paper.

The stay of proceedings, accorded by the statute to the execution of the undertaking, is a sufficient consideration.

Non-compliance with the directory provisions of the statute, intended for the benefit of the Respondent, does not vitiate the undertaking.

Residence of the sureties, and their occupation, and that the penalty must be double the amount of the judgment, are directory provisions.

The execution of the paper, the delivery of it to the Clerk, filing it among the papers with the affidavit, and the actual suspension of proceedings, is *prima facie*, as sufficient proof of delivery, if delivery is essential, as if the instrument were sealed.

APPEAL from the Sixth District.

Action by plaintiffs against the defendants upon an undertaking executed by them, on an appeal to the Supreme Court, in the suit of *M. Dore & Co.* v. *J. R. Hardenbergh.*

For the undertaking, see opinion of Court. The appeal in that case was duly prosecuted, and the judgment affirmed, with ten per cent. damages. Demurrers were interposed, and being overruled, answers were filed.

On the trial, the Court below ruled out the undertaking, as evidence for plaintiff, except for three hundred dollars, for reasons which appear in the opinion of this Court. Plaintiff offered to prove further, as to defendant, Covey, that, after signing the instrument, he had admitted that he signed it for the full amount named; and that, after judgment of affirmance by the Supreme Court, he had promised to pay the same to plaintiff. The Court excluded the evidence, plaintiffs excepting. Under instructions, the jury found for plaintiffs three hundred dollars. Plaintiffs excepted to the instructions, and appeal.

*H. H. Hartley,* for Appellants.

The Court erred in ruling out the undertaking offered in evidence by the plaintiffs.

I. Because the undertaking was in substantial compliance with the provisions of the statute. (Wood's Dig. Arts. 1082, 1083, 1088.) It is but one integral undertaking, and not two separate undertakings on the same paper; it has but one recital of the parties, the Court in which the judgment was rendered, the nature of the appeal, and the conditions of the obligation. And the signatures of the defendants at the bottom of the instrument made it *prima facie* theirs, and bound them for the whole penalty. 2. It was a good undertaking, although executed in blank. (*Smith* v. *Crocker,* 5 Mass. 537; 7 N. H. 230; 1 Texas, 9; 7 Cow. 484; *Parker* v. *Bradley,* 2 Hill, 584; *Scott* v. *Whipple,* 5 Greenl. 337; 17 Sergt. & Rawle, 438; 4 McCord, 239; Id. 203; 2 Dana, 142; and the filling up of a blank is not a material alteration; *Smith* v. *Crocker,* Sup.; *Hunt, Administrator,* v. *Adams,* 6 Mass. 522; *Granite Railway Co.* v. *J. Bacon,* 15 Pick. 239; *Humphreys* v. *Crane,* 5 Cal. 173; *Barrett* v. *Thorndike,* 1 Greenl. 73; *Turner* v. *Billgraham,* 2 Cal. 520; *State* v. *Cilley,* 1 N. H. 97; 1 Saund. Pl. & Ev. 76; *Hale* v. *Russ,* 1 Greenl. 334; 4 Bing. 123; 5 Taunt. 707; 1 Brod. & Bing. 426; *Kershaw* v. *Cox,* 3 Esp. 24; 6 Id. 57; *Hale* v. *Russ,* 1 Greenl. 334.)

II. Because the insertion of the place of residence and occupation of the sureties is immaterial, and the want of it will not avoid an undertaking when an appeal has been had.

1. Those requirements are only inserted for the Appellee's benefit, and he can waive them. (17 Wend. 67; Dudley, Geo. 22; Id. 66; 4 Texas, 4; *Ives* v. *Finch,* 22 Con. 101; 7 Monroe, 118.) Mere irregularities in appeal bonds do not vitiate them. (*Swan* v. *Graves,* 8 Cal. 549, and cases cited; *Bennehan* v. *Webb,* 6 Iredell, 57; *Whitsett* v. *Womack,* 8 Ala. 466; *Iredell* v. *Barbee,* 4 Iredell, 250; *Teall* v. *Von Wyck,* 10 Barb. 379; *Gully* v. *Gully,* 1 Hawks. 20; *Stockton* v. *Turner,* 7 J. J. Marshall, 192; 4 Mon. 448; 3 Id. 392; *Wendham* v. *Coates,* 8 Ala. 285; 1 Wend. 464; 12 Id. 306; 2 J. J. Marsh, 473; 4 Mon. 225; 17 Wend. 67; 26 Wend. 502; 8 Barb. 81; 1 Watts & Sergt, 261.) As to a proper delivery of the undertaking, see 6 Geo. 202; 3 No. Ca. R. 384; 4 Id. 270; *Hare* v. *Horton,* 2 Nev. & M. 428; 5 B. & Adol. 715.

2. But if the undertaking was invalid and void for want of strict conformity to the statute, yet it was good as a voluntary

undertaking. (11 Ill. 417; 6 Humph. 234; 10 Miss. 663, 698; 8 Cow. 138; 5 Id. 27; 3 Scam. 347.)

3. Conceding that the undertaking filed might not have stayed execution for want of certain informalities, yet the Appellee having waived the taking out of execution, and the obligors having had the benefit of the appeal, are estopped from setting up any errors in the undertaking.

*W. S. Long,* and *Robinson, Beatty & Heacock,* for Respondents.

1st. Whenever there is a blank in an instrument, and that blank can only be filled up in one way, so as to be consistent with the balance of the instrument, any one may fill it up. (*Smith* v. *Crocker,* 5 Mass. 537.)

2d. Where it must be inferred from the form and nature of the instrument, that the party who executed it with the blanks, intended to confer upon the party to whom it was delivered, or upon some other person designated by the nature of the instrument, the authority to fill up the blanks, they may be so filled. (*Bank of the Commonwealth* v. *Curry,* 2 Dana, 143.)

The instrument under consideration cannot come under the first class; for the blank may be filled up by the name of Covey, or of any other person, and be equally sensible and consistent in all its parts. With respect to Justis, it does come under the second class. The irresistible inference is that he authorized the person to whom he delivered the instrument, to fill up the blanks, and that, with the name of any citizen of California, who could take the necessary oath with regard to solvency. (Case of *Day* v. *Brown,* 2 Ham. 345; or, Ohio Rep. condensed; U. S. Dig. Supplement, Vol. 5, Sec. 74, Tit. Surety; U. S. Dig. Vol. 3, Sec. 4, Tit. Surety, referring to *Walsh* v. *Bailie,* 10 Johns. 180; 2 Penn. 27.)

But the instrument must be interpreted by what it contains. Justis and Covey undertake positively for three hundred dollars, and Justis undertakes for six thousand eight hundred dollars more, on the condition that Hardenbergh will procure another person, who can qualify as to responsibility, to become bound with him; failing in that, he is only bound for the three hundred dollars. (*Sharpe* v. *United States,* 4 Watts, 21.)

As this is an instrument not under seal, it comes within the

Dore *v.* Covey.

12th Section of the statute of frauds. It is the undertaking of sureties to answer for the default of the principal. It was executed according to law, so far as the first branch of the undertaking is concerned, and is binding on the parties. With respect to the second branch of the undertaking, it complies with the law in no respect. The amount of the undertaking is less than double the amount of judgment—the judgment being for three thousand four hundred and fifty-four dollars—besides thirty-five dollars and twenty-five cents costs, and the undertaking for six thousand eight hundred dollars. The name and residence, but not the occupation, of one surety is given; but neither the residence, name, or occupation, of another is given. It is not made in accordance with the statute. (See Sec. 349 of Practice Act.) It does not express a consideration for the second undertaking. (*Wain et al.* v. *Walters*, 5 East, 10.) There was no consideration, unless the undertaking stayed execution. It did not, *ex necessitate*, stay execution. (Pr. Act. Sec. 378.)

"But," says the Appellant, "we waived the right to issue execution, and allowed the undertaking to operate as a stay." Then the consideration is nothing in the undertaking, but a waiver outside of it. That waiver must be proved by parol evidence, and not by the instrument. But the statute, as interpreted by the Courts, says, you can prove no part of the consideration by parol. There must be a sufficient consideration expressed in the instrument.

There are cases in which the payee of a bond may waive defects in it. But it is not every bond, and certainly not every undertaking without a seal, which may be made valid by a waiver of defects. Imperfect appeal bonds are divided into two classes: those which are void, and those which are merely voidable. A bond absolutely void, produces no effect. (See 7 Munroe, 117.) If, however, a bond is not absolutely void, but merely voidable, the party to whom it is payable, may elect either to treat it as an insufficient bond, and move to dismiss the appeal, or to waive the imperfections of the bond, and call up the appeal on its merits.

The instrument, in this case, is absolutely void, as an undertaking to stay execution. The statute expressly makes it so. But if this were only a voidable bond, what evidence is there,

or what is there in the pleadings showing that plaintiff did waive his right to a better bond? It appears that no execution issued, pending the appeal, but how does it appear that this undertaking prevented the issuance of execution?

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Suit was brought by the plaintiffs below, Appellants here, upon the following instrument; and, upon a proper construction of its terms, the appeal depends. The paper is in these words:

"STATE OF CALIFORNIA, County of Sacramento.
In the District Court, Sixth Judicial District.

*M. Dore & Co.* plaintiffs, v. *J. R. Hardenbergh*, defendant: Whereas, on the twenty-sixth day of March, 1857, judgment was rendered in the above entitled cause, in favor of said plaintiffs, for the sum of three thousand four hundred and fifty-four dollars and fifty cents, and the sum of thirty-five dollars and twenty-five cents costs; and, whereas, the said defendant is about to appeal from the judgment of said District Court to the Supreme Court of this State:

Now, therefore, we, the undersigned, do agree, undertake, and become bound, on the part of the Appellant, to the effect that the said Appellant will pay all damages and costs which may be awarded against him on his appeal, not exceeding three hundred dollars; and, whereas, said Appellant is desirous of a stay of execution in said cause, we, the said Charles Justis, residing at Johnson's Ranch, in the county of Sutter,

do further undertake, and become bound, in the sum of six thousand and eight hundred dollars, that if the judgment appealed from, or any part thereof, be affirmed, the Appellant shall pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the judgment or order shall be affirmed, if affirmed only in part, and all damages and costs which shall be awarded against the Appellant upon this appeal.

(Signed)                                        CHARLES JUSTIS,
                                                       H. R. COVEY.

County of Sacramento, ss:
Being each for himself duly sworn, doth depose and say, that

Dore *v.* Covey.

he is worth double the amount specified in the foregoing undertaking, over and above all his just debts and liabilities, exclusive of property exempt from execution.

CHARLES JUSTIS, ·
H. R. COVEY.

Sworn to before me, this 29th day of March, 1857, by Charles Justis.

N. R. WILSON,
Notary Public.

Subscribed and sworn to before me, by H. R. Covey, April 1st, 1857.

N. R. WILSON,
Notary Public."

Proceedings were stayed in the District Court in the case of *Dore & Co.* v. *Hardenbergh*, and this Court rendered judgment of affirmance, with ten per cent. damages. No objection was taken to the undertaking in the Court below, or in this Court on appeal.

The stipulations of this undertaking are two-fold. The first is that the Appellant will pay all damages and costs not exceeding three hundred dollars. The second, to pay the amount directed to be paid by the Supreme Court, on affirmance of the judgment in whole or in part. The undertaking recites the amount of the judgment. In the condition it proceeds : "We, the undersigned, do agree," etc. In the second part it reads: "We, the said Chas. Justis, residing at Johnson's Ranch, in the county of Sutter, do further undertake," etc. "to become bound in the sum of six thousand eight hundred dollars," etc. It is signed by both Justis and Covey. An affidavit is appended, as made by both, that each is worth the amount specified in the foregoing undertaking.

The undertaking is one entire contract, though containing two several stipulations. It is the act of both the parties signing. There was no necessity for any mention of the names of the stipulators in the body of the paper to make it obligatory. All the use of this recital would be to show who executed the paper, and the signatures sufficiently indicate this fact. It is scarcely necessary to refer to authorities to establish this proposition.

But see *Ex parte Fulton*, 7 Cow. 484; *Scott* v. *Whipple*, 5 Greenl. 336.

We regard, therefore, the evidence offered of the admissions of Covey as to his intent in executing the instrument as wholly immaterial.

2. It is next contended that this undertaking is void under the Statute of Frauds, 12th Section, because no consideration is expressed in the writing. We cannot see how this point can be maintained. The writing shows that the defendant in the action, Hardenbergh, is about to take an appeal, and then, in the second part, recites that, whereas, he is desirous of a stay of execution, the stipulators undertake, etc. The statute accords the effect of a stay to the execution of the undertaking. This stay is a sufficient consideration. The stay was had. The plaintiff below acquiesced in it, and the officers gave it effect, it seems, as a sufficient and valid undertaking. It is argued that this undertaking did not operate as a *supersedeas*, because the undertaking was not in precise conformity to statutory provisions, in two particulars: 1. Because the residence of the parties and their occupation were not inserted in it. 2. Because the penalty is less, by thirty-three dollars, than double the amount of the judgment. But it is well answered that the first direction was only designed for the benefit of the other party, and he could waive it, if he chose, just as a description of the person, age, etc. of the sureties.

We think the execution of the writing in less than double the amount of judgment does not vitiate it as a statutory undertaking. This provision is merely directory. This principle was held in the case of *Anderson* v. *Rea*, (7 Al. 106.) That was a case on a statutory bond, on which, by the statute, summary judgment could be taken in the Clerk's office, or, rather, which being forfeited, had the effect of a judgment. The Court say: "The requisitions of the statute that the bond shall be taken in double the amount of the execution, and that it shall be stated that the property shall be delivered at twelve o'clock, noon, are directory merely. That the penalty of the bond was for less than double the amount of the execution, and that the defendant had the whole of the day to deliver the property in, even for her

benefit, and she cannot complain of them." This was a proceeding at the instance of the surety to set aside the bond.

The case of *Van Deusen* v. *Hayward*, (17 Wend.) follows the same course of reasoning. Bronson, J. said in that case : " The Court has often had occasion to consider the sufficiency of appeal bonds, under the Act of 1824, and it has generally been said that the Appellant must comply strictly with the requirements of the statute, or he can derive no benefit from the appeal. The question has usually arisen on the motion of the Appellee to quash the proceedings. (4 Cow. 80, 540 ; 6 Id. 592, 593 ; 7 Id. 423, 468 ; 9 Id. 227.) Within the principle of these decisions, the appeal of Hayward might have been quashed, on motion, because the bond was less beneficial to the plaintiffs than the statute required. But the plaintiffs made no objection to the sufficiency of the bond. Hayward has had the full benefit of his appeal, and I think the defendants should not now be allowed to object that their own voluntary obligation was less onerous than it should have been. I will not say that this opinion can be reconciled with all the decisions that have been made in relation to appeal bonds, nor that all the cases on that subject are entirely consistent with each other ; but upon general principles, I think the defendants should not be heard to make this objection. The bond was not contrary to law, nor against good morals. It contained *all that the statute required*, and was only wrong in the addition of a *further clause*, which rendered it more favorable to the obligors. Where the bond is more favorable to the Appellee than the statute requires, it has been repeatedly held that he cannot complain that the statute has not been followed. (5 Cow. 27 ; 7 Id. 138.) That principle is applicable to this case and should conclude the defendants." *Ives* v. *Finch*, (22 Cow. 101,) is to the same general effect. *Clinton* v. *Phillips*, Administrator, (7 Monroe, at page 119, bottom) entertains the same doctrine. (See, also, for the mode of interpretation of appeal bonds, *Swain* v. *Graves*, 8 Cal. 551.)

The Respondent's argument that the undertaking shall not stay execution unless made in precise conformity with the statutory rules, is answered by the authorities cited, which hold, in effect, that these provisions are intended for the benefit of the other party, and that he may waive them, just as if the statute

declared that no judgment should be rendered without service of process; but the defendant might waive the process or service. This waiver was made by the plaintiff below. He considered the appeal as regularly made, made no motion to dismiss, issued no execution, and suffered the undertaking to have the full effect of a regularly executed instrument.

The execution of the paper, the delivery of it to the Clerk, filing it among the papers with the affidavit, and the actual suspension of proceedings, was, *prima facie*, as sufficient proof of delivery, if delivery is essential, as if the instrument were sealed.

The rulings of the Court below were not in accordance with these views, and the judgment is reversed and the cause remanded for a new trial.