[S. F. No. 194.    In Bank.—July 23, 1896.]

URIAH BENNETT, PETITIONER, *v.* SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, RE-SPONDENT.

APPEAL FROM JUSTICE'S COURT—UNDERTAKING—JUSTIFICATION OF SURE-TIES—VOID SUBSTITUTION OF NEW SURETY.—CERTIORARI.—Upon appeal to the superior court from a justice's judgment, where the sureties are required to justify, the substitution for a surety who fails to justify of a new surety who merely signs the same bond without being mentioned in the body of the bond as a surety, or otherwise being made a party thereto, is void, and the appeal is of no effect, and cannot be made effective by the action of the superior court in allowing the appellant to file a new undertaking; and the action of the court in refusing to dismiss the appeal will be annulled upon *certiorari.*

CERTIORARI from the Supreme Court to review and annul an order of the Superior Court of San Diego County refusing to dismiss an appeal from the Justice's Court of San Diego Township.   W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*Withington & Carter*, for Petitioner.

*Rippey & Nutt*, and *Henry J. Stevens*, for Respondent.

GAROUTTE, J.—This is an application for a writ of review.  The petitioner asks that the writ issue for the purpose of reviewing the action of the superior court of the county of San Diego, in certain litigation then pending before it, as being in excess of its jurisdiction.  The salient facts presented by the petition, and the return to the writ, may be stated as follows:  The defendants in a certain action desired to appeal from a money judgment rendered against them, before a justice of the peace and in favor of this petitioner.  They filed an undertaking upon appeal, with one Chase and one Newkirk as sureties thereon.  ·Bennett, the respondent, objected to the sufficiency of these sureties, and, at the time fixed for their justification, Chase appeared and justified.  Newkirk did not appear.  Thereupon the appellants secured one Gassen to attach his name to the undertaking, and he qualified before the justice of the peace in the amount called for by the body of the instrument.  Respondent's counsel was present at this time, and expressly reserved his right to object to the proceeding.  The papers upon appeal being forwarded to the superior court, respondent there moved to dismiss the appeal, alleging that the court had no jurisdiction over the cause, inasmuch as the undertaking was void.  The superior court thereupon allowed appellants to file a new undertaking in that court, and then denied the motion to dismiss.

We attach no importance to the action of the superior court in allowing appellants to file a new undertaking in

that forum. As far as any question of the jurisdiction of that court to hear and determine the cause upon its merits was concerned, such action counted for nothing. If the original undertaking was fatally defective, a second could not be filed in the appellate court with jurisdictional effect. If the original undertaking was only defective in matters of minor importance, it was still sufficient to give the court jurisdiction of the cause, and no second undertaking was required.

Among other things, section 978 of the Code of Civil Procedure, in speaking as to appeals to superior courts, declares: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and, unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." In this case Newkirk, one of the sureties, failed to appear and justify, and if the proceedings had been left in that situation the appeal would necessarily fail, as provided by the law we have quoted. Did the appearance of Gassen in the case cure the trouble? It did not. As the undertaking is presented to us, we are clear that Gassen could not be held liable if a recovery were sought upon it. The body of the undertaking provides: "Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, E. W. Newkirk and E. F. Chase, of the county of San Diego aforesaid, do hereby jointly and severally undertake in the sum of one hundred dollars that said appellants will pay all costs which may be awarded against them on the said appeal, or on a withdrawal or dismissal thereof, not exceeding the aforesaid sum of one hundred dollars, to which amount we acknowledge ourselves jointly and severally bound." It appears that Gassen does not agree to do anything. He makes no promises. He does not acknowledge himself to be bound in any amount or upon any conditions. His name is simply attached to an undertaking which,

upon its face, shows that he is not a party to it. The case of *Dore* v. *Covey*, 13 Cal. 502, is not in point. There the name of one of the sureties was omitted from the body of the bond, and the court held the omission immaterial, saying it is not necessary that the names of the stipulators should be inserted in the body of the bond in order to make it obligatory; and, as a necessary conclusion from such holding, declared the omission of the name of one of the sureties from the body of the bond immaterial. That decision is clearly correct. But this is no such case. Here the names of two purported sureties are inserted in the body of the bond, and Gassen's name is not one of them; the insertion of two other names results in the necessary exclusion of his name. It cannot be assumed that his name was intended to be placed there, for there is no room for it; the space which it should occupy is already taken; in effect, his name is expressly excluded. Without an agreement of some kind upon his part to be bound no obligation rests upon him, and here there is no agreement. Newkirk having failed to justify, and Gassen not being bound by the undertaking, the appeal must fail as lacking in the essential requisite of a valid undertaking.

It becomes unnecessary to notice other objections made by petitioner.

The order of the court denying the motion to dismiss the appeal should be annulled, and it is so ordered.

HARRISON, J., HENSHAW, J., and TEMPLE, J., concurred.

BEATTY, C. J., dissenting.—I dissent. Gassen by signing the bond became a party to and was bound by it. (*Dore* v. *Covey*, 13 Cal. 502.)

The justification was therefore sufficient, and the appeal was duly perfected irrespective of the action of the superior court in allowing a new bond to be filed.