[Civ. No. 1494.    Third Appellate District.—February 14, 1916.]

## C. D. JUDD, Petitioner, v. SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent.

JUSTICE'S COURT—APPEAL—TIME FOR FILING UNDERTAKING.—Under section 978a of the Code of Civil Procedure, as amended in 1909, the time for filing an undertaking on appeal from a justice's court begins to run from the date of the filing of the notice of appeal, and not from the date of the service of such notice, and the filing of a notice of appeal and undertaking on the same day is a compliance with the statute, notwithstanding notice of the appeal was served seven days before it was filed.

ID.—SUFFICIENCY OF UNDERTAKING.—Where the form of an undertaking on appeal constitutes a bond on appeal as well as an undertaking to stay execution, if the undertaking is sufficient as an appeal bond, jurisdiction of the appeal is acquired, regardless of the sufficiency of the bond to stay execution.

ID.—UNDERTAKING—INCORRECT RECITAL OF JUDGMENT.—An incorrect recital of the date of the rendition of judgment in the undertaking accompanying the notice of appeal does not invalidate the undertaking nor affect the jurisdiction of the appeal.

ID.—NOTICE OF APPEAL—INCORRECT RECITAL OF JUDGMENT.—An incorrect recital in a notice of appeal of the date of the rendition of the judgment does not render the notice invalid where the judgment is otherwise correctly described.

ID.—JUSTIFICATION OF SURETIES—SUBSTITUTION OF NEW SURETIES.—Where the ·sureties on an undertaking on appeal are required to justify, there is no objection to the substitution for a surety who fails to appear of a new surety who signs the same bond and justifies, where the names of the original sureties are not inserted in the body of the instrument.

APPLICATION for a Writ of Prohibition originally made in the District Court of· Appeal of the Third Appellate District directed against the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

S. R. Beloath, N. J. Nelson, and Arthur J. Thatcher, for Petitioner.

T. A. Selvage, for Respondent.

BURNETT, J.—Petitioner seeks to prohibit the superior court from trying an action originally tried in the justice court of Bucksport township of said county. The facts are stipulated and need not be set out at length. In said superior court a motion was made by petitioner herein to dismiss the appeal upon the ground that the court was without jurisdiction, but it was denied. The reasons for the claim of want of jurisdiction are stated as follows: "First. That the notice of appeal was not sufficient because it did not recite the correct date of the judgment; Second. That the notice of appeal was served more than five days prior to the filing of the undertaking; Third. The undertaking was defective in this, that the date of entry of judgment was incorrectly stated; Fourth. That the undertaking on appeal was defective in this, that the justice of the peace permitted a new surety to sign the undertaking and to justify in the place of one of the original sureties; and Fifth. That the undertaking to stay execution was not in double the amount of the judgment including costs and that the court had no right to permit the appellant to give a new bond to stay execution."

To these points, however, petitioner seems to attach little importance, except to the second. This he argues earnestly

and at considerable length, though it is apparently as destitute of merit as any of the others. The statute itself and the decision of the supreme court in *Rigby* v. *Superior Court,* 162 Cal. 334, [122 Pac. 958], as we understand them, are directly opposed to petitioner's contention that the five days within which the undertaking must be filed must date from the time of service of the notice of appeal.

Section 978a of the Code of Civil Procedure, as amended in 1909, provides: "The undertaking on appeal must be filed within five days after the *filing* of the notice of appeal and. notice of the filing of the undertaking must be given to the respondent."

The supreme court, in said decision, points out the changes that have been made in the law in respect of the procedure in taking appeals and, among other things, says: "The time for filing the undertaking does not begin to run, as before it was construed to begin, at the time of the rendition of the judgment. Another event, the filing of the notice of appeal, now fixes the beginning of the period."

As to the fact herein, the stipulation is: "That on the 19th day of July, 1915, said Stouder *filed* or caused to be *filed* in said justice's court and with the justice of said court, the said notice of appeal, . . . and on the same day filed with said justice's court and with the justice of said court an undertaking. . . . That on the 21st day of July, 1915, the said Chas. H. Stouder served upon petitioner herein a notice of filing notice of appeal and undertaking on appeal," etc. It thus appears that the notice of appeal and the undertaking were filed the same day and two days thereafter notice was given of the filing of the same. Thus was said statute strictly complied with, and it is of no moment that said notice of appeal had been served upon petitioner seven days before it was actually filed.

As to the form of the undertaking it is apparent that it constituted a bond on appeal as well as an attempted undertaking to stay execution. But its sufficiency to perform the latter function is not a jurisdictional question and is not involved in this proceeding. If the undertaking was sufficient as an appeal bond, the superior court acquired jurisdiction of the cause regardless of the sufficiency of said bond to stay execution. And it may be said, also, that it is a matter of no moment here whether the superior court was justified in allowing an undertaking to stay execution to be filed in that court.

At most, it was an error not involving a question of jurisdiction and not to be corrected in this proceeding. Besides, the appeal on questions of law and fact operated to vacate and set aside the judgment rendered in the justice court, and thus if error was committed in allowing said undertaking to be filed it was without prejudice.

In *Bullard* v. *McArdle*, 98 Cal. 355, [35 Am. St. Rep. 176, 33 Pac. 193], it is said: "By perfecting the appeal from the justice court the case was entirely removed from that court and only the superior court has thereafter jurisdiction in the matter. The judgment in the justice court was not merely superseded but by the removal of the record was vacated and set aside. When the effect of the appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court on questions of both law and fact, the judgment appealed from is completely annulled and is not thereafter available for any purpose."

The points made by petitioner are, indeed, clearly and correctly answered in the opinion of the Honorable George D. Murray, judge of said superior court, filed in denying said motion to dismiss said appeal, as follows:

"This is a motion to dismiss an appeal taken by the defendant on questions of both law and fact from a judgment rendered against him in the above-entitled action by the justice's court of Bucksport township.

"In the notice of appeal the date of the rendition of the judgment rendered by the justice's court is incorrectly stated, but otherwise the notice correctly describes the judgment.

"It is conceded that only one judgment was rendered by the justice in the case, and it will be noted that the section of the code providing for the notice of appeal does not require the date of rendition of the judgment to be stated in the notice. Under such circumstances the notice of appeal in question sufficiently describes the judgment rendered in the action as the one appealed from although the date of its rendition is incorrectly stated. It is a sufficient notice of appeal.

"In *Sherman* v. *Rolberg*, 9 Cal. 17, the court had under consideration an appeal from a justice's court in which the notice of appeal stated that the judgment appealed from was rendered July 4, 1857, whereas as a matter of fact it was rendered

July 2, 1857.   Concerning that notice the supreme court said:
'The mistake in the date of the judgment, as stated in the
notice of appeal which was served on respondents, was not
material.   The notice is sufficient.'

"The fact that in the recital of the rendition of the judg-
ment in the undertaking accompanying the notice of appeal,
the date of such rendition is incorrectly stated, is not material
and does not invalidate the undertaking, for the same reasons
that the incorrect recital did not invalidate the notice of
appeal.

"The undertaking filed with the justice at the same time
the notice of appeal was filed, contains an undertaking on the
part of the sureties in the sum of $100.00 for the payment of
costs on appeal, and also an undertaking on their part in the
sum of $330.00 to stay execution on the judgment appealed
from.   The undertaking on appeal may be in the same instru-
ment with the other undertaking to stay execution.   And it
may be sufficient as an undertaking on appeal and insufficient
to stay execution on the judgment.   (Hayne on New Trial and
Appeal, 1st ed., sec. 214.)

"The undertaking on appeal contained in said instrument
is in the following form: 'Now, therefore, in consideration of
the premises and of such appeal, we the undersigned residents
of said county and state do hereby undertake, jointly and
severally, in the sum of one hundred dollars, and promise on
the part of appellant to pay all costs which may be awarded
against the appellant on said appeal,' etc.

"The undertaking staying execution contained in said in-
strument is in the following form: 'And whereas, the appel-
lant claims a stay of proceedings and is desirous of staying
execution of said judgment so appealed from, we do further in
consideration thereof, and of such stay,' etc.

"The instrument was subscribed by Peter Delany and E.
Swanson at the time it was filed with the justice.   The suffi-
ciency of the sureties was excepted to and the sureties were
notified to appear before the justice and justify.   At the ap-
pointed time, or the time to which the matter was continued,
Peter Delany was out of the county, but E. Swanson appeared
and with him W. H. Bowersox.   Over the objection of the
plaintiff W. H. Bowersox was permitted to sign (subscribe)
the instrument.   Both E. Swanson and W. H. Bowersox then
justified and the justice of the peace approved the undertaking.

"As I read the opinion of the supreme court of this state in *Bennett* v. *Superior Court,* 113 Cal. 440, [45 Pac. 808], that decision is by implication an authority for the procedure followed in the case before us. That case involved an appeal from a judgment of a justice's court in San Diego county. The undertaking on appeal was in the following form: 'Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, E. W. Newkirk, and E. W. Chase, of the county of San Diego, aforesaid, do hereby jointly and severally undertake in the sum of one hundred dollars that the appellants will pay all costs which may be awarded against them on the said appeal,' etc. The undertaking was signed by Newkirk and Chase. The respondent excepted to the sufficiency of the sureties and on the day appointed for the sureties to justify Newkirk did not appear and did not justify. But Chase appeared and with him one Gassen. Gassen was permitted over objection to sign the undertaking already on file, and then he and Chase justified and the undertaking was approved by the justice. The supreme court said, in the course of its opinion: 'In this case Newkirk, one of the sureties, failed to appear and justify, and if the proceedings had been left in that situation the appeal would necessarily fail, as provided by the law we have quoted. Did the appearance of Gassen in the case cure the trouble? It did not. As the undertaking is presented to us, we are clear that Gassen could not be held liable if a recovery were sought upon it.' . . . It appears that Gassen does not agree to do anything. He makes no promises. He does not acknowledge himself to be bound in any amount or upon any conditions. His name is simply attached to an undertaking which, upon its face, shows that he is not a party to it. . . . Here the names of the two purported sureties are inserted in the body of the bond, and Gassen's name is not one of them; the insertion of these two other names results in the necessary exclusion of his name. It cannot be assumed that his name was intended to be placed there, for there is no room for it; the space which it should occupy is already taken; in effect, his name is expressly excluded. Without an agreement of some kind upon his part to be bound no obligation rests upon him, and here there is no agreement. Newkirk having failed to justify, and Gassen not being bound by the undertaking, the appeal must fail as lacking in the essential requisite of a valid undertaking.'

"The supreme court did not criticise the procedure of permitting Gassen to sign the undertaking at the time of the justification and we assume from such omission that such procedure is not objectionable. The sole criticism was that it did not become Gassen's bond, and that conclusion came from the fact that the peculiar wording of the body of the bond, to-wit: 'We, the undersigned, E. W. Newkirk and F. E. Chase,' expressly excluded Gassen, and everyone else except Newkirk and Chase. The inference is that if the undertaking had not so excluded Gassen, he would have become bound by his signing it, and that under such circumstances the undertaking would have been sufficient. Chief Justice Beatty dissented from the majority decision in the Bennett case, saying that 'Gassen by signing the bond became a party to and was bound by it.'

"In the case before us, the names of the sureties were not inserted in the body of the instrument. It is 'We the undersigned' who are bound. The name of Bowersox was not excluded from the list of sureties to be bound, and in my opinion he became bound upon the undertaking and the undertaking thereby became a sufficient undertaking in the sum of $100.00 for the payment of costs upon this appeal.

"The undertaking on this appeal was filed with the justice within five days after the filing of the notice of appeal and both were filed within thirty days after the rendition of the judgment. In fact, the new surety, Bowersox, had signed the undertaking, and both he and the other surety, Swanson, had justified within five days after filing the notice of appeal, and within thirty days after the rendition of the judgment. Both the notice and the undertaking were in time."

The order to show cause is discharged and the writ is denied.

Chipman, P. J., and Hart, J., concurred.