[Civ. No. 2164. Second Appellate District.—November 25, 1916.]

## C. H. CLAY et al., Copartners, etc., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

JUSTICE'S COURT APPEAL—UNDERTAKING—INCORRECT RECITAL OF JUDGMENT.—In an undertaking on appeal from a justice's court, an incorrect recital of the date of the rendition of the judgment does not invalidate the undertaking, where the notice of appeal correctly states the date thereof.

ID.—JUSTIFICATION OF SURETIES—TIME.—Where exceptions are taken to the sufficiency of the sureties on an undertaking given on a justice's court appeal, and other sureties justify in place of the original sureties, and such justification takes place within five days after the filing of such exceptions, the substitution of new sureties and their justification is within due time, even though it be more than five days after the filing of the notice of appeal.

ID.—REWRITING OF UNDERTAKING—EXECUTION BY ONE OF ORIGINAL SURETIES WITH NEW SURETY—SAME UNDERTAKING.—The fact that the undertaking was rewritten and signed a second time by one of the sureties on the original undertaking, together with the surety who was substituted for the other surety on the original undertaking, did not make the document a new and different undertaking within the meaning of the terms of section 978a of the Code of Civil Procedure, or deprive the superior court of jurisdiction of the appeal.

ID.—IDENTITY OF SURETY—IMMATERIAL VARIANCE.—The fact that in the second undertaking in the body thereof the surety was named as "J. J. Hutchinson," whereas his signature and affidavit were in the name of "John J. Hutchinson," did not constitute a defect impairing the validity of the instrument.

ID.—INSUFFICIENCY OF UNDERTAKING TO STAY EXECUTION—SUFFICIENCY AS COST BOND—JURISDICTION.—Where an undertaking is sufficient to constitute a bond for costs on appeal, jurisdiction of the appeal is sustained thereby, even though the undertaking is not sufficient for the purposes of a stay of execution.

ID.—WAIVER OF JUSTIFICATION OF SURETIES.—Where a party excepting to the sufficiency of sureties fails to appear at the time and place designated in the notice of justification after service of such notice upon him, further notice is waived.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District requiring the Superior Court to vacate an order dismissing a justice's court appeal and restoring the case to the calendar.

The facts are stated in the opinion of the court.

W. J. Hitson, and John S. Cooper, for Petitioners.

Albert G. Payne, for Respondents.

CONREY, P. J.—On prayer of the petitioners an alternative writ of *mandamus* was issued requiring the superior court to make an order vacating an order dismissing an appeal from a justice's court, in an action to recover possession of certain personal property, and to proceed with the trial of that case, or to show cause why the same has not been done. Return having been duly made by the respondent, we are now required to determine whether the superior court was authorized to dismiss said appeal.

The petitioners were defendants in an action in the justice's court of Los Angeles Township, in the county of Los Angeles, wherein Anna Lange was plaintiff. On June 23, 1916, the case came on for trial in that court, resulting in a judgment rendered on June 26, 1916, in favor of the plaintiff for possession of the described personal property, or $199.15, the value thereof, and $8.90 costs. On July 3, 1916, the defendants filed a notice of appeal and an undertaking, the sureties whereon were John J. Hutchinson and Wm. E. Shaw. On July 6th the plaintiff duly served and filed an exception to the sufficiency of the sureties, and thereafter the defendants filed and served notice of justification of sureties to be had on July 10th. The docket of the justice shows, under date July 10th: "Sureties sworn, J. J. Hutchinson, W. G. McGehee; submitted"; also that on July 25th the sureties were approved and the papers in the case transmitted to the clerk of the superior court. The transmitted papers include the undertaking which was filed in the justice's court

on July 3d, and also an undertaking filed in the justice's court on July 10th, the sureties on this undertaking being John J. Hutchinson and W. B. McGehee. The recitals of the new undertaking refer to the judgment as having been given and entered on the twenty-eighth day of June, 1916, instead of June 26th, but this is an immaterial variance. The notice of appeal was correct, and the undertaking was given in aid of that appeal. (*Judd* v. *Superior Court,* 29 Cal. App. 671, [157 Pac. 566].)

On August 7, 1916, in response to a motion made by the plaintiff therein, the superior court dismissed the appeal. The grounds of the motion were that John J. Hutchinson and Wm. E. Shaw, the sureties named in the undertaking, filed July 3d, "failed and neglected to qualify thereon"; also, "that afterward, to wit, on the tenth day of July, 1916, the defendants filed their bond and undertaking on appeal in said action with the justice's court, but failed to serve or file any notice upon plaintiff, or appealing from said judgment rendered in the justice's court on the twenty-sixth day of June, 1916, other than the notice filed and served June 28, 1916"; that by reason of said facts the superior court acquired no jurisdiction of said cause.

Respondent contends that the superior court did not acquire jurisdiction of the case on appeal for the following reasons:

1. That the undertaking was not filed until seven days had elapsed after the filing of the notice of appeal, and that the document filed on July 10th was a new and different undertaking from the undertaking to which exceptions were filed.

2. That the second undertaking in the body thereof purports to be made by J. J. Hutchinson and W. B. McGehee, but is signed by John J. Hutchinson and W. B. McGehee, and that on account of such variance John J. Hutchinson was not in any manner obligated thereon; that the record does not show justification by John J. Hutchinson.

3. That neither the record nor papers on file show that the plaintiff or her attorney were present and participated in the attempted qualification of sureties on the undertaking filed July 10th.

It is our opinion that all of these contentions of the respondent are without merit. Section 978a of the Code of Civil Procedure refers to undertakings on appeals from jus-

tices' courts, and is as follows: "The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." It is entirely clear that where other sureties justify in place of the original sureties, and such justification takes place within five days after the filing of exceptions to the sufficiency of the sureties named in the undertaking, the substitution of new sureties, and their justification, is within due time even though it be more than five days after filing the notice of appeal. The time limited is exactly the same as if the justification were by the sureties originally named. (*Budd* v. *Superior Court*, 14 Cal. App. 256, [111 Pac. 628].) The decisions cited by respondent's counsel do not support his contention. (*Bennett* v. *Superior Court*, 113 Cal. 440, [45 Pac. 808]; *Wood* v. *Superior Court*, 67 Cal. 115, [7 Pac. 200]; *Martha Washington Council No. 2* v. *Superior Court*, 29 Cal. App. 45, [154 Pac. 298]; *Keefe* v. *Superior Court*, 23 Cal. App. 750, 139 Pac. 899].) So far as these cases bear upon the question at all, they are merely to the effect that where exceptions have been taken to the sufficiency of the sureties, and where, instead of causing the sureties or others in their places to justify after notice, appellant merely files a second undertaking without giving notice of justification of sureties, and the time limited has elapsed without justification of sureties, no jurisdiction is acquired of such appeal. But, on the other hand, if the sureties do justify, even though they may be new sureties substituted in place of those first named, it is sufficient. (*Judd* v. *Superior Court*, 29 Cal. App. 671, [157 Pac. 566].)

The fact that the undertaking was rewritten and signed a second time by John J. Hutchinson, together with the new surety, does not make the document a new and different undertaking within the meaning of the terms of section 978a of the Code of Civil Procedure, or deprive the appeal of its intended effect, which was to preserve the jurisdic-

tion of the superior court to entertain such appeal. As a bond for costs on appeal, the two papers are identical; there is merely a substituted surety, who duly justified. It is true that each of the two documents contains an additional agreement intended to serve as an undertaking to stay execution on the judgment pending the appeal, and that they differ from each other both in the recited statement of amount of the judgment, and in the penal sum wherein the sureties were to be bound. We think, however, that, although contained in the same document, an undertaking to stay execution is a separate and different agreement from the undertaking for costs, which is the undertaking necessary to support the appellate jurisdiction. Where the undertaking is sufficient to constitute a bond on appeal, jurisdiction of the appeal is sustained thereby, even though the undertaking be not sufficient for the purposes of a stay of execution. (*Judd* v. *Superior Court,* 29 Cal. App. 671, [157 Pac. 566]; *Edwards* v. *Superior Court,* 159 Cal. 710, 714, [115 Pac. 649].) Moreover, both of said ·documents are so written that in any event they would fail to have any effect as undertakings to stay execution. They refer to the judgment as an ordinary money judgment, instead of describing it as a judgment for the recovery of possession of personal property, with an alternative recovery of money if the property cannot be delivered to plaintiff; and neither of them purports to make the sureties responsible under the conditions prescribed for an undertaking to stay execution upon a judgment for the recovery of specific personal property. (Code Civ. Proc., sec. 978.)

The fact that in the second undertaking, in the body thereof, the surety Hutchinson is named only as J. J. Hutchinson, whereas his signature and affidavit are in the name of John J. Hutchinson, does not, in our opinion, constitute a defect impairing the sufficiency of the undertaking. The same is true of the fact that the justice's docket shows justification by J. J. Hutchinson instead of stating that it was by John J. Hutchinson. The affidavit to the undertaking was made by John J. Hutchinson, and in the first instance constitutes the surety's justification upon the undertaking, subject only to the right of the plaintiff's attorney to further examine him at the time set for justification of sureties. We consider the record to be sufficient to establish the fact that

the justification shown by the justice's docket under date of July 10th was by the same sureties who signed the undertaking as settled and determined on that day.

Since the appellant's sureties were present to justify on July 10th, and the plaintiff's attorney had been duly notified of the time and place for such justification, it is of no consequence that the plaintiff's attorney was not then and there present, if in fact he was not present. The only effect of his absence under such circumstances would be that he thereby waived further justification of the sureties, and would no longer be entitled to object to their sufficiency. (*Fletcher Collection Agency* v. *Superior Court,* 31 Cal. App. 193, [159 Pac. 1049]; *W. P. Jeffries Co.* v. *Superior Court,* 13 Cal. App. 193, [109 Pac. 147].)

It is ordered that a peremptory writ issue, commanding that the court below vacate its order dismissing the appeal and restore the case to its calendar.

James, J., and Shaw, J., concurred.