### VARNADORE v. NOVAK
(No. 1631; May 6, 1930; 287 Pac. 438)

The case was submitted for the appellant on the brief of *Philip E. Winter,* of Casper.

For the respondent the case was submitted on the brief of *Fred W. Layman,* of Casper.

*Philip E. Winter*, in reply.

BLUME, Chief Justice.

This case, in which L. A. Varnadore was plaintiff and J. M. Novak was defendant, was commenced in justice court before H. H. Walker, justice of the peace, on January 31, 1929. Upon affidavit of prejudice, the venue in the case was changed to S. H. Puntenney, justice of the peace. A jury was empanelled and the case was tried, and a verdict was returned against the defendant and in favor of the plaintiff on February 1, 1929. Judgment was entered on the verdict on the same date, in the amount of $82, and costs were taxed at the sum of $33.80. The docket of the justice of the peace Puntenney shows that J. M. Novak, defendant, appeared on February 13, 1929, and filed notice and undertaking on appeal, and that the appeal was granted. A transcript of the docket was filed in the District Court on February 20, 1929. The notice of appeal filed as above mentioned is as follows:

"State of Wyoming, County of Natrona, ss.

In the Justice Court of S. H. Puntenney, Justice of the Peace in and for District No. 2, in City of Casper, in said County and State.

L. A. Varnadore,
    Plaintiff,
        vs.
J. M. Novak,
    Defendant.

NOTICE OF APPEAL.

J. M. Novak, the defendant above named, hereby makes and files this, his notice, that he desires to take, and is this day and hereby, proceeding to take an Appeal to the District Court of the Eighth Judicial District, in and for

Natrona County, Wyoming, from the judgment heretofore on December 31, 1928, rendered against him and in favor of said plaintiff in the above entitled court and cause.

/s/ J. M. NOVAK."

The undertaking on appeal, filed as above mentioned, is as follows:

"State of Wyoming, County of Natrona, ss.

In the Justice Court of S. H. Puntenney, Justice of the Peace in and for District No. 2, in City of Casper, in said County and State.

L. A. Varnadore,
　　Plaintiff,
　　　vs.
J. M. Novak,
　　Defendant.

UNDERTAKING ON APPEAL.

Whereas, in said court and cause, the said plaintiff on December 31, 1928, did obtain judgment against said defendant in the sum of $82.00 and $33.80 costs of said action. And Whereas, said defendant desires and intends to appeal from said judgment to the District Court of said county and state and said appeal is allowed upon his giving an undertaking in approved surety in the sum of $231.60. Now, Therefore," etc.

On August 15, 1929, the plaintiff by his attorney moved the court for an order dismissing the appeal of the defendant for the reason "that said appeal has not been perfected according to law and that the court has no jurisdiction over the cause." On October 18, 1929, the court sustained the motion to dismiss upon the ground that the appeal should have been taken from the court of H. H. Walker, justice of the peace, instead of from the court of S. H. Puntenney, justice of the peace.

It appears to be conceded by counsel for the plaintiff that the reason given by the court for sustaining the

motion was not correct, for it was held in the case of Campbell v. Weller, 25 Wyo. 65, 164 Pac. 881, that an appeal from justice court should be taken from the court of the justice of the peace to which the change of venue has been taken, and before whom the judgment was rendered, rather than from the court of the justice of the peace before whom the case was commenced. It is argued, however, that though the reasons of the court were wrong, nevertheless the motion was properly sustained because the notice of appeal, as well as the bond on appeal, gave the wrong date on which the judgment was rendered, both referring to a judgment rendered on December 31, 1928, which was before the case was even commenced, instead of February 1, 1929. And it is necessary, accordingly, to determine as to whether or not the mistake thus made was material. Courts are not agreed as to the effect of such a mistake. 16 R. C. L. 403, 35 C. J. 767, 776. In Clay, et al. v. Superior Court, 32 Cal. App. 189, 162 Pac. 416, the court held that the erroneous recital of the date of the judgment in an undertaking on appeal from a justice of the peace was immaterial where the notice of appeal was correct, the undertaking being given in aid of that appeal. The notice and the undertaking were, accordingly, construed together. In 35 C. J. 767, it is said, speaking of the bond required in such case:

"But such undertaking is sufficient if it appears that it was given to secure an appeal from the judgment set out in the transcript, and a misrecital or omission as to parties or the court from which the appeal is taken, or as to the date or amount of the judgment, is usually held immaterial if it is otherwise sufficiently identified."

And again, in 35 C. J. 776, it is said:

"But the object of a notice of appeal is accomplished when the appellate court can ascertain from an inspection of the notice what particular judgment the appellant complains of. Thus a failure to state, or an erroneous state-

ment of, the date, or amount, of the judgment, does not vitiate the notice if such judgment is otherwise sufficiently identified therein.''

In Judd v. Superior Court, 29 Cal. App. 671, 157 Pac. 566, it was held that a mistake as to the date in the notice of appeal and in the bond was immaterial. In the case of Davenport etc. Works v. Shelley, 280 Mo. 393, 217 S. W. 267, it was held that a notice which in fact did notify the parties was sufficient, notwithstanding the fact that the date and the amount mentioned therein were not correct. In 16 R. C. L. 403 it is said:

''In other jurisdictions it is held that the notice of appeal should be liberally construed, and that jurisdiction of the appeal will be conferred by its service, if, by a fair construction or reasonable intendment, the court can ascertain therefrom that an appeal is taken from the judgment in a particular action, and strict accuracy in a notice of appeal is by no means necessary in order to confer jurisdiction upon the appellate court. Mistakes, however numerous, are immaterial if the notice yet contains enough fairly to identify the judgment, the parties, and the court, and to show that it was made by the party appealing,'' etc.

Section 6533, Wyo. C. S. 1920, provides that ''Any person desiring to appeal shall, within fifteen days after rendition of the judgment from which his appeal is to be taken, file with the justice of the peace by whom such judgment shall have been rendered, a notice of such desire and shall within said fifteen days either pay all the costs of the cause appealed up to the time of the transmission of the papers to the District Court as hereinafter provided * * * or shall give a bond,'' etc. This statute does not prescribe any particular form of notice, and we do not, accordingly, feel called upon to apply too strict a rule. Munroe v. Herrington, 99 Mo. App. loc. cit. 293, 73 S. W. 222; Rainy v. Reorganized Church etc., 207 Mo. App. 205,

231 S. W. 1017. The statute merely prescribes that it must appear from the notice that the party desires to appeal. This desire, it may be noticed, is stated in the undertaking filed in this case, and it may be questioned whether any other notice was necessary. In any event we should consider both the notice and the undertaking, as was done in Clay, et al. v. Superior Court, supra, inasmuch as the latter is filed in aid of the appeal. If then it may be reasonably gathered from the record from what judgment the appeal was intended to be taken, the appeal should be upheld. The undertaking states the exact amount of the judgment, as well as the exact amount of the costs. It would seldom happen that a judgment would be for exactly the sum of $82 or that the costs would be exactly $33.80, and the combination of these factors would happen even more seldom. Hence we have here two, perhaps three, facts which in conjunction with the correct statement of the parties and the court in which the case was pending, go far in definitely marking the judgment from which the appeal was intended to be taken, making it permissible to disregard the incorrect date. And it is not claimed that there was more than one judgment in any action between these parties. Moreover, it was said in Campbell v. Weller, 25 Wyo. 65, 80, 164 Pac. 881, that the notice of appeal does not seem to be intended as a notice to the opposite party, inasmuch as another section of the statute makes provision for that. So that the main purpose to be subserved by the notice of appeal is to enable the justice of the peace to send the record in the proper case to the District Court, and to enable the latter to take jurisdiction thereof. Now the notice of appeal and undertaking were both filed by the justice of the peace on February 13, 1929, in the case in which judgment had been rendered by him on February 1, 1929. He treated the notice and the bond as sufficient, approved the latter and in his docket made an entry that the appeal was allowed.

These facts clearly show that in his opinion at least, the judgment from which an appeal was attempted to be taken was sufficiently identified, and his official acts seem almost, if not entirely, to create a presumption that no case between these parties was pending in his court except the one in which this notice and the undertaking was filed. In any event his acts should be taken into consideration in determining the question before us. And so far as the District Court was concerned, it had but one record before it, which included the entries of the justice, the notice of appeal and the undertaking, and it could accordingly, not well be misled. Taking everything into consideration, we think the notice of appeal and the undertaking should be deemed to be sufficient so as to give jurisdiction to the District Court on appeal.

The order appealed from must accordingly be reversed and the cause remanded with direction to the District Court to overrule the motion to dismiss.

*Reversed and Remanded.*

KIMBALL and RINER, JJ., concur.